MEDFORD INSURANCE COMPANY, Ltd., Appellant,

v.

B. L. WEIMER, Appellee.

No. 16429.

Court of Civil Appeals of Texas.

Dallas.

Dec. 4, 1964.

Rehearing Denied Jan. 8, 1965.

Charles E. Hughes, Sherman, for appellant.

Slagle & Kennedy, Sherman, for appellee.

BATEMAN, Justice.

Appellee B. L. Weimer sued Medford Insurance Company, Ltd. to recover under an insurance policy for fire damage to his truck. Appellant contended that it had cancelled the policy prior to the loss. The jury found in response to special issues that (1) Weimer did not receive, and (2) appellant did not mail to Weimer, a notice of cancellation. The amount of loss having been stipulated, judgment was rendered in favor of Weimer for that amount.[1]

By its first two points of error on appeal appellant asserts that, since it established

1. There was evidence that the insured truck was mortgaged to Quaker Employees Federal Credit Union, and the policy sued on provided, in part: "Any loss hereunder is payable as interest may appear to the insured and Quaker Employees Federal Credit Union, 520 E. Houston, Sherman, Texas." No explanation is offered by either party as to why the Credit Union was not a party to this suit.

without dispute that notice of cancellation had been mailed to appellee in compliance with the terms of the policy, appellee could have no cause of action and appellant's motions for instructed verdict and for judgment *non obstante veredicto* should have been sustained. The third point of error asserts that the judgment was erroneous because there was no evidence to support the jury finding that the notice of cancellation was not mailed. The fourth point says that the judgment should be reversed because that jury finding is contrary to the overwhelming weight and preponderance of the evidence. These four points will be considered and disposed of together.

■ The policy in question contained this provision: "This policy may be cancelled by the company by mailing to the insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice." To establish its defense that the policy was not in effect at the time the loss occurred, it was not encumbent on appellant to prove that notice of cancellation was actually received by appellee, only that it had been mailed to appellee at his address shown in the policy. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257, 258, no wr. hist., and cases cited therein.[2]

Appellant's proof on this matter consisted of the testimony of one George McWilliams and certain documents. McWilliams testified that he owned Bankers Insurance Agency, of Houston, Texas which represented the appellant as general agent for the State of Texas; that the policy in question had been placed through his agency by a broker in Sherman, Texas named Gray; that subsequently, at the request of appellant, he cancelled the policy; that this was done in accordance with the regular general practice of his office; that

standard forms of notice are used and the original is addressed to the insured and copies addressed to anyone else that might be involved, which in this case were the local agent or broker, Gray, the Quaker Employees Federal Credit Union and the appellant; that a form of receipt furnished by the Post Office Department, on which appears the same date, name and address as on the letter, is prepared in his office and the post office clerk determines whether the address on the receipt is identical to the address on the letter, and if he finds that they are he stamps the face of the receipt and hands it back to the person bringing the same in and the clerk then puts the letter in the mail; that his office generally retains a carbon copy of the notice of cancellation; that the notice is dated and states that the insurance coverage will terminate ten days from that date, and that the post office receipt in this instance has the same date stamped on it as appears on the form of notice; that in this particular case he was the one who put this notice in the mail, took it to the post office and received from the post office a certificate of mailing, and then made a personal certification that he had placed it in the mails and then placed a copy in his files. A copy of the notice of cancellation, addressed to the appellee at the address shown in the policy, signed by McWilliams for appellant, was admitted in evidence. This bears McWilliams' certification that on January 23, 1962 he personally placed the original notice of cancellation and termination of insurance in an envelope addressed as shown on the notice and deposited it with sufficient postage affixed for mailing in the United States Post Office at Houston, Texas. Attached to the notice is a Government Form 3817 acknowledging receipt from Bankers Insurance Company, Houston, Texas, of one piece of ordinary mail addressed to appellee (at the address shown in the policy) and bearing the rubber stamp impression

2. We think Special Issue No. 1, inquiring as to whether appellee received the no-
tice, served no useful purpose and should not have been submitted.

showing the date of January 23, 1962. He further stated that he knew he had mailed the notice to appellee because he remembered the circumstances, which were that appellant was cancelling at one time all of a certain type of business produced by Gray, some seventeen or eighteen policies, and that appellee's policy was among them.

Taking the position that this evidence establishes beyond question that the notice was duly mailed, appellant urges us to reverse and render the judgment in its favor on the authority of cases like Texas Casualty Ins. Co. v. McDonald, Tex.Civ. App., 269 S.W.2d 456, no wr. hist. In that case the policy contained a provision for cancellation by the company almost identical with that in the policy now before us, and it was established by the testimony of two of the insurer's employees that the notice was mailed to the insured at the address given in the policy and a post office receipt on Form 3817 was in evidence "to corroborate the testimony." In that case the appellee and his wife testified that they did not receive the notice but, as pointed out by Mr. Justice Pope of the San Antonio Court of Civil Appeals, the facts regarding the mailing "are otherwise unquestioned, unimpeached and unequivocal." We cannot say the same about the evidence in the case now before us.

There were several circumstances in evidence which, taken together, in our opinion preclude the facts concerning the mailing of the notice from being "unquestioned, unimpeached and unequivocal." For instance, McWilliams testified that at the same time he mailed the notice to appellee he mailed a copy thereof to the Quaker Employees Federal Credit Union and a copy to the local broker, Gray. However, there was evidence that neither appellee nor the Credit Union received such copies. There was no evidence as to whether Gray did or did not receive one.

Although McWilliams had testified on direct examination without equivocation that he had properly mailed the notice to appellee, on cross-examination he admitted that he had no independent recollection of doing so and had to refresh his memory thereabout by referring to his records, including the certificate which he had made on the day of the mailing.

McWilliams had also testified that it was customary, when an insurance policy was cancelled for any reason, for the unearned premium to be sent to the local agent or broker who had produced the business, who in turn would forward the proper amount to the insured; that in this instance, since a number of policies written by Gray were cancelled at the same time, the rebate on all of the cancelled policies was made to Gray in one check, intimating that appellee should look to Gray for the refund of unearned premium on his cancelled policy. However, appellee testified that after he filed this suit another policy which had been issued to him by appellant, covering another vehicle, was cancelled by appellant and that notice of the cancellation and a check covering the amount of unearned premium were received by him directly from appellant's representative, McWilliams. He also testified that, although the purported cancellation of the policy sued on had been made in January 1962, he had not received his refund at the time of trial which was in December 1963, nearly two years later. It is noted in this connection that the policy provides that if the cancellation is by the company premium adjustment may be made either at the time of cancellation or as soon as practicable after cancellation becomes effective, but that payment or tender of the unearned premium is not a condition of the cancellation. Nevertheless, the evidence of a failure of appellant for nearly two years to make a premium adjustment may be said to be a circumstance which raises some degree of doubt as to whether the notice of cancellation was mailed.

■ While no one of these circumstances, standing alone, would in our opin-

**592**

ion be sufficient to create a jury issue as to whether the notice of cancellation was in fact mailed, we hold that all of them together constituted some evidence of probative force, sufficient to require the court to submit the matter to the jury for determination. Therefore, the motion for instructed verdict was properly overruled, and accordingly appellant's first point of error on appeal is overruled. We hold that the motion for judgment n. o. v. was also properly overruled. Judgment n. o. v. is authorized only when a directed verdict would have been proper. Rule 301, Vernon's Texas Rules of Civil Procedure. Accordingly the second point of error is overruled. We also overrule the third point of error, which is a "no evidence" point.

The substance of appellant's fourth point of error, supplemented by its argument thereunder, is that a judgment based on the finding in response to Special Issue No. 2 cannot stand because that finding is contrary to the overwhelming weight and preponderance of the evidence. We have carefully reviewed the entire statement of facts and conclude therefrom that the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. This makes it necessary for us to reverse and remand the case for another trial. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Appellant's fifth and sixth points of error on appeal complain because the trial court refused to grant a mistrial on account of alleged improper arguments to the jury by appellee's counsel. As the same arguments will doubtless not be made on another trial we need not dwell at length on the points. We have carefully considered them and are of the opinion that the court did not err in overruling the two motions for mistrial, and that if any error was committed it was harmless. Rule 434, T.R.C.P. Accordingly the fifth and sixth points are overruled.

Reversed and remanded.