**FORD MOTOR CREDIT COMPANY,
Appellant,**

v.

**COMMONWEALTH COUNTY MUTUAL IN-
SURANCE COMPANY, Appellee.**

**No. 6946.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 2, 1967.

H. P. Robichau, Jr., Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action by plaintiff, as mortgagee, to recover under the collision provision of an automobile insurance policy written for its mortgagor. Summary judgment was granted for defendants, the insurance company and the insurance agents. The parties will be referred to here as they were in the trial court.

The undisputed evidence as contained in affidavits and exhibits shows: That October 22, 1965 a policy of insurance was written through defendant Commonwealth County Mutual Insurance Company, by defendant Ideal Insurance Agency insuring a 1960 Ford automobile owned by Donald DeWayne Moore. The original policy named Kirbyville State Bank as loss payee, but by endorsement dated October 28, 1965 such bank was eliminated from the policy as loss payee. That on November 22, 1965 an endorsement was attached to the policy showing a 1965 Mercury automobile replacing the Ford as the insured automobile, and showing plaintiff Ford Motor

Credit Co. as loss payee. That December 17, 1965 cancellation notice was deposited in the United States Mail addressed to Donald DeWayne Moore, such cancellation to be effective December 28, 1965. This cancellation notice was sent by Defendant Floyd West & Company showing carbon copies to defendant Ideal Insurance Agency and Kirbyville State Bank. That no notice of cancellation was sent to plaintiff.

Plaintiff's petition alleged that the Mercury automobile covered by this policy of insurance was totally destroyed in a collision about January 16, 1966. That demand for payment was refused by the defendants.

It is contended by plaintiff that the endorsement of the policy showing Ford Motor Credit Co. as loss payee required a notice of cancellation directly to plaintiff, and that notice of cancellation to Donald DeWayne Moore was not sufficient.

Paragraph 16 of the original policy reads in part as follows:

"16. Cancelation. * * *. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice * * *."

No mention is made in the policy as to any notice to a mortgagee or loss payee. Item 1 of the policy shows:

"Named Insured and Address:
Donald DeWayne Moore
Route #3
Kirbyville, Jasper, Texas"

Item 2 of the policy, contains in part the following:

"Any loss under part III is payable as interest may appear to the named insured and

Kirbyville State Bank, Kirbyville, Texas"

An endorsement showed that loss payable to Kirbyville State Bank was eliminated. The endorsement which plaintiff questions dated November 22, 1965 contains the following:

"Any loss * * * is payable as interest may appear to the named insured and Ford Motor Credit Co., Petroleum Bldg., Beaumont, Texas."

Plaintiff contends first that such endorsement adds its name to Item I of the original policy and makes plaintiff a named insured. Insurance contracts are to be strictly construed in favor of the insured and against the insurer but this rule applies where the policy uses terms of doubtful meaning or where the language of the contract is ambiguous. We find nothing ambiguous about this portion of the contract. It very clearly states it can be cancelled by the company by mailing written notice to the insured named in Item. 1. The endorsement attached to the policy, when considered with the original policy, shows clearly that plaintiff is the mortgagee in the place of the Kirbyville State Bank. Such endorsement says any loss is payable as interest may appear to the named insured and Ford Motor Credit Co. as the Supreme Court said in Royal Indemnity Co. v. Marshall (Tex.), 388 S.W.2d 176:

"Courts cannot make new contracts between the parties, but must enforce the contract as written. Where the terms of an insurance policy are plain, definite and unambiguous, the courts cannot vary these terms."

There is attached to defendants' motion for summary judgment a copy of an endorsement which is numbered 112A, apparently for the purpose of showing that there is a different endorsement which could have been written, and was not. Form 112A provides specifically that notice of cancellation must be given to the lienholder. No such endorsement is attached to the policy here sued upon.

Apparently there are no Texas cases directly in point, as we have neither been cited nor found any such cases. However, there are several Texas cases demonstrating that cancellation of an insurance policy may be accomplished by giving the precise notice required under the terms of the policy. See: Willis v. Allstate Ins. Co., Tex.Civ.App., 392 S.W.2d 799; Insurance Co. of Texas v. Parmelee, Tex.Civ.App., 274 S.W.2d 944; and, Medford Insurance Co. v. Weimer, Tex.Civ.App., 385 S.W.2d 589.

Plaintiff next contends a question of fact was raised as to whether the insurance carrier gave any notice of cancellation. It is pointed out that such notice was given by Floyd West and Company and not by Commonwealth County Mutual Insurance Company or Ideal Insurance Agency which issued the original policy. Plaintiff's original petition named only Commonwealth County Mutual Insurance Company as defendant. By amended petition, Floyd West and Company was named as a defendant, and alleged that such company had mailed a notice of cancellation of the policy. It was also alleged that Floyd West & Company was acting by and for and as the agent of the defendant, Commonwealth County Mutual Insurance Company, when it mailed a notice of cancellation to the Kirbyville State Bank. The affidavit given in support of the motion for summary judgment stated the cancellation notice was duly deposited in the mail, and a copy of such notice was attached to the affidavit. The copy of such notice shows it was given by Commonwealth County Mutual Insurance Company by Floyd West & Company. The affidavit filed by plaintiff in reply to the motion for summary judgment did not make mention as to agency. In view of this record no fact issue was raised as to whether Floyd West & Company was the agent of Commonwealth County Mutual Insurance Company when giving the notice of cancellation.

Affirmed.