**DUFF et al. v. SECURED FIRE & MARINE INS. CO.**

No. 4683.

Court of Civil Appeals of Texas.
El Paso.

Oct. 26, 1949.

Rehearing Denied Nov. 23, 1949.

Jones, Hardie, Grambling & Howell, El Paso, for appellants.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

McGILL, Justice.

The principal question presented by this appeal relates to the cancellation of an automobile public liability and property damage insurance policy issued by the appellee to appellant Ottie L. Duff covering his automobile.

Suit was filed by appellee as plaintiff against appellants as defendants in the 65th Judicial District Court of El Paso County, in which appellee sought a declaratory judgment under the Declaratory Judgment Statute of this State, Vernon's Ann.Civ.St. art. 2524—1, declaring the policy in question cancelled, and that plaintiff was not required under the terms of such policy to defend a suit then pending in the trial court by which the other appellants sought to recover from appellant Ottie L. Duff damages for personal injuries growing out of a collision in which his automobile was involved and that plaintiff was under no obligation to pay any judgment that might be rendered against Duff in such suit. The substance of defendants' answers was a denial that the policy had been cancelled when the accident occurred. The trial court entered judgment declaring the policy cancelled and that plaintiff was not liable thereunder and not required to defend the suit instituted by the other appellants against Duff, and was under no obligation to pay any judgment that might be rendered against Duff in said suit.

The material facts found by the trial court without the intervention of the jury are:

On October 19, 1948, Secured Fire & Marine Insurance Company issued to Ottie L. Duff its public liability policy No. TAC 7384 with limits of $5,000 and $10,000 for personal injury, and $5,000 for property

damage. Thereafter it was determined that the form on which this policy had been issued was obsolete, and this policy was replaced by the company's policy No. TAC 14953, which was issued for a period of one year from October 19, 1948. Duff paid a premium of $6.00 for the issuance of the original policy, which was the regular premium for a thirty day period. No further premium was paid. The address of the insured as shown in Policy No. TAC 14953 is

"Address 47th Bomb Group, Biggs Field, El Paso · El Paso Texas
(No.)               Street      Town or city—County—State)"

The policy contained the following provision as to cancellation: "This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when, not less than five days thereafter, such cancellation shall be effective. The mailing of notice, as aforesaid, shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

On November 13, 1948, the insurer's agent prepared and posted in the United States mail at El Paso the following notice:

"Cancellation Notice
Secured Fire and Marine Insurance Company
Indianapolis.
                November 13, 1948.
"T/Sgt. Ottie L. Duff
47th Bomb Gp
Biggs Field, Texas.
"You are notified that your automobile liability policy No. TAC 14953 dated October 19, 1948, is hereby cancelled as of Noon 12:01 A. M. the 18th day of November, 1948, from and after which day and hour the Policy will be no longer in force. This action is occasioned by reason of
          "Non-Payment of Premium
             Secured Fire & Marine Insurance Co.
             By s/s Frances H. Yonkman
             Frances H. Yonkman KU"

The notice (we interpolate envelope enclosing the notice) was addressed to T/Sgt. Ottie L. Duff, 47th Bomb Group, Biggs Field, Texas. Biggs Field is a post office in El Paso County. The court concluded that such mailing of the above notice effected a cancellation of the policy on November 18, 1948. Appellants requested additional findings to effect that the notice was never received by Duff and he had no knowledge that the policy was cancelled until after the accident in which appellants were injured occurred on December 4, 1948. A point of error is presented because of the court's refusal to make such additional findings. The court's conclusion was that the mailing of the notice of cancellation effected a cancellation of the policy in question on November 18, 1948.

The evidence is uncontroverted that the notice in question was never received by Duff, and there is no evidence that he had any knowledge that appellee had attempted to cancel the policy by mailing such notice prior to the date of the accident. We may therefore assume that the trial court regarded appellants' requested additional findings as facts in reaching his conclusions.

While there is a conflict of authority in other jurisdictions, See 45 C.J.S., Insurance, § 450b (2), p. 90; 29 Am.Jur. Sec. 285, p. 264, and Couch Cyc. of Ins. Law, Vol. 6, Sec. 1440, p. 5094, it has been held in this State that when a policy provides for cancellation by the insurer by mailing notice thereof in compliance with the terms of the contract, cancellation is effected by such mailing whether the notice is ever received by the insured or not. California-Western States Life Ins. Co., v. Williams, Tex.Civ.App., 120 S.W.2d 844, writ dismissed; Ætna Ins. Co. v. Aviritt, et al., Tex.Civ.App., 199 S.W.2d 662; Gulf Ins. Co. v. Riddle, Tex.Civ. App., 199 S.W.2d 1000. However, it is the established rule that to effect a cancellation the conditions of the policy upon which rests the insurer's right of cancellation must be complied with and followed

strictly, 45 C.J.S., Insurance, § 449, pp. 83–84; 29 Am.Jur. Sec. 283, p. 262; 24 Tex.Jur. Sec. 57, p. 751; or as otherwise stated "must be strictly construed and strictly performed." Seaboard Mutual Casualty Co. v. Profit, 4 Cir., 108 F.2d 597, loc. cit. 599(4), 126 A.L.R. 1105.

The rule as specifically applied to a policy provision requiring mailing to the address stated in the policy is succinctly stated in the citation from Couch, supra: "And if by the terms of the policy notice may be mailed to the insured 'at the premises as stated', mailing is sufficient, provided the notice is properly addressed, but to comply with such requirement the address must follow the description of the location of the property 'as stated' in the policy; *at least to the extent that it would be likely to reach the insured.*" (Emphasis ours.)

The emphasized portion of the quotation is undoubtedly based on the following language of the opinion in Hughes v. Royal Indemnity Company, Mun.Ct., 165 N.Y.S. 530, 532, the authority cited: "Certainly the notice of cancellation should have been so addressed as would be the most convenient or likely to give actual notice to the assured."

In that case the policy contained the following statement: " 'The building in which the applicant resides is located at the highway leading from Abram Van Tassel's to Mt. Kisco Road, and opposite residence of Theodore Willis. Street and number: Mt. Kisco, N. Y.' The words 'Street and number' are printed, and the words 'Highway leading from Abram Van Tassel's to Mt. Kisco Road and opposite residence of Theodore Willis, Mt. Kisco, N. Y.' are in typewriting."

The address to which the notice was mailed was "Mount Kisco, N. Y." In holding the notice insufficient to effect cancellation the court said: "The defendant imposed upon itself a duty by sending the notice in a particular manner; it was therefore incumbent upon it to show that it had complied with the terms of its agreement in the language that it itself selected and adopted, and simply addressing the notice to 'Mount Kisco, New York,' was not sufficient, in view of the fact that the undisputed testimony offered on the part of the plaintiff is that there exists a rural delivery."

Under the above authorities a substantial compliance with the provisions of the policy relating to the address to which the notice must be mailed is not enough. A strict compliance is necessary. The situation must be viewed from the standpoint of the insured at the time the policy was issued. Did he contract for constructive notice such as was given? We have concluded that he did. We take judicial notice that there is only one post office in Texas designated "Biggs Field, Texas". Under the facts of this case the addition of the words "El Paso, El Paso County" would have added nothing to insure delivery of the notice to the insured. The delivery contracted for was to the post office—not to the insured. Any reasonably intelligent post office employee reading the address would know that the envelope which contained the notice was intended for the post office at Biggs Field in El Paso County. The envelope was therefore received for delivery to the post office contracted for. The cases of Gulf Insurance Co. v. Riddle, and Hughes v. Royal Indemnity Co., supra, are readily distinguishable. In both of these cases the omitted portion of the address had a material bearing on the delivery of the notice to the insured. Such is not true here.

The judgment is affirmed.