E. A. ROBERSON et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 3246.

Court of Civil Appeals of Texas.

Waco.

March 24, 1955.

Rehearing Denied April 28, 1955.

Burford, Ryburn, Hincks & Ford, Robert E. Burns, Dallas, for appellants.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy E. Kelley, Dallas, for appellee.

TIREY, Justice.

This is a suit on an automobile insurance policy brought by the owner of the automobile and the mortgagee against the insurance carrier. The trial court sustained defendant's motion for summary judgment and the plaintiffs have appealed. The cause is here by virtue of an order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals.

The judgment is assailed on three points, and they are substantially: (1) the court erred in rendering judgment for defendant and against the mortgagee because as a

matter of law under the undisputed facts the insurance policy was not cancelled as against the mortgagee; (2) because the court erred in holding that there was an absence of any material issue of fact and in rendering judgment for the insurance carrier because a material fact issue was raised as to whether the insurance premium was actually paid to the defendant company; and (3) because the court erred in holding that there was an absence of any material issue of fact because there was a fact issue as to whether defendant insurance carrier actually mailed the notice of cancellation to the plaintiff Roberson and there was the further fact question as to whether such notice was received by Roberson. Appellee's counter points are substantially: (1) the court correctly held that the mailing of the notice of cancellation by the appellee to the insured Roberson at the address shown in the policy was an effective cancellation both as to him and to the loss payee or mortgagee; (2) the court correctly held that the affidavit submitted by appellee showed conclusively that notice of cancellation had been mailed to Roberson at the address shown in the policy more than ten days prior to the effective date of cancellation and more than eleven days prior to the collision loss, thereby effectively cancelling the policy prior to the collision loss; and (3) the affidavit of Mrs. E. A. Roberson does not raise an issue of fact as to the cancellation of the policy.

In deciding the questions here presented, we are bound by the interpretation given Rule 166–A of our Texas Rules of Civil Procedure by the decision of our Supreme Court in Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, pts. 1, 3 and 4, being particularly applicable and controlling here. The last expression by our Supreme Court on the rule here before us is found in Smith v. Bolin, Tex., 271 S.W.2d 93, which opinion reaffirms the pronouncements made in the Gulbenkian case. Having the above rule in mind, what do we find to be the factual situation here before us? It is without dispute that the plaintiff Roberson owned a 1952 Kaiser automobile upon which J–C–S Federal Credit Union held a mortgage. The defendant Allstate Insurance Company issued an insurance policy on this car which contained, among other provisions, a $50 deductible "collision or upset clause." The policy was from September 6, 1952 to September 6, 1953. The name of the insured was listed as E. A. Roberson, and immediately thereunder on the policy was this language: "Loss is payable as interest may appear to the named insured, J–C–S Federal Credit Union, 522 Browder Street, Dallas, Texas." The policy contained the following provision: "This policy may be cancelled by the company by mailing to the named insured at the address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period." The premium for the policy was $144.75, of which $53.50 was paid at the time the policy was issued. On August 9, 1953, the automobile covered by the policy was damaged in a collision. At that time the amount of the indebtedness owed by Roberson to the mortgagee was $953.73. After the collision a controversy arose between the parties because Allstate Insurance Company contended that it had cancelled the insurance policy as to both Roberson and the mortgagee and therefore denied any liability thereunder. Plaintiffs seasonably filed a request for admissions, addressed to the defendant, but defendant denied all of the admissions except 17 and 18, and further stated that it could not truthfully either admit or deny the matters inquired about in Question 19. We quote requests 17 and 18, which were admitted: "17. Prior to August 9, 1953, the defendant, Allstate Insurance Company, had not mailed a written notice to the plaintiff, J–C–S Federal Credit Union, that automobile insurance policy No. W56-1305 was or would be cancelled." (Admitted) "18. Prior to August 9, 1953, the defendant, Allstate Insurance Company, had not mailed a written notice to the plaintiff J–C–S Federal Credit Union at its address at 522 Browder Street, Dallas, Texas, that

automobile insurance policy No. W564305 was or would be cancelled." (Admitted) Defendant in its motion for summary judgment specifically set out: "This motion is based upon (a) the pleadings of both plaintiffs and defendant on file in this action; (b) Ozalid copy of cancellation notice of Policy No. W564305, attached hereto as Exhibit A; (c) Ozalid copy of PORS list showing mailing of cancellation notice for Policy No. W564305, attached hereto as Exhibit B; (d) the affidavit of Bill Harris; and (e) specimen copy of Allstate Automobile Collision policy showing cancellation provisions." The motion further alleged that there is no genuine material issue of fact to be tried and defendant is entitled to judgment as a matter of law.

"Cancellation Notice .

Allstate Insurance Company

6–25–53 payment of $46.00 was due on 3–6–53

Policy Number     52
                  57
W564305–9–6        2
E. A. Roberson
518 Wickford.
Dallas, Texas
52 Kaiser K–2056184 S1–2
A5–10B5C8DL–50RJ 7560 7K752N 2223

Allstate

Insurance Company

We regret that we must cancel your policy because the premium shown at the left has not been paid
        7–7–53
Accordingly your policy numbered hereon is hereby canceled effective as of 12:01 A. M. Standard Time on:

*(If reinstated, return to underwriter for renewal)—*

Written across the face of the Cancellation Notice."

We quote the pertinent parts of the affidavit of Bill Harris attached to the motion for summary judgment:

"My name is Bill Harris. On June 25, 1953, I was employed by Allstate Insurance Company as its mail clerk in its offices in Dallas, Dallas County, Texas. Among my duties as mail clerk was the mailing of cancellation notice to policy holders in Allstate Insurance Company.

"When a policy was being cancelled by the Company the procedure was to have the cancellation notice prepared by the Accounting Department. At the same time a post office receipt was made out on a form provided by the Post Office Department, upon which form the plate department of Allstate Insurance Company listed the name, address, and policy number of each policy holder who was to receive a cancellation notice. The post office receipt and the cancellation notices were delivered to the Mail Department and there inserted in envelopes and taken to the Post Office Department.

"On June 25, 1953, in the course of my duties, I received, among others, a cancellation notice on Policy No. W564305, addressed to E. A. Roberson at 518 Wickford, Dallas, Texas, a copy of which cancellation notice is attached hereto. I checked that notice against the prepared post office receipt and upon determining that they were correct I inserted the cancellation notice in an envelope, properly stamped the envelope, and took it to the Post Office.

"At the Post Office the addresses of the envelopes were checked against the receipt by Mr. Key, a postal employee, and he thereupon gave a receipt for the notice addressed to Mr. Roberson and to others, which receipt is attached hereto.

"Of my own knowledge I can state that a cancellation notice was mailed to Mr. E. A. Roberson at 518 Wickford, Dallas, Texas, on June 25, 1953."

Plaintiffs seasonably filed their answer to defendant's motion for summary judgment, and in this motion they averred substantially that there are two material fact issues to be determined in the cause before judgment can properly be entered, the first one being the issue as to whether the insurance premium in question was actually paid to the defendant, and (2) whether notice of cancellation of the insurance policy was given by the Allstate Insurance Company and received by Roberson and the mortgagee. They attached to this motion affidavit of E. A. Roberson and his wife, and also the stipulation of the parties on file. Also their request for admissions and defendant's answers to said request for admissions. We quote the pertinent parts of Mrs. Roberson's affidavit:

"My name is Mrs. E. A. Roberson. I am the wife of E. A. Roberson, plaintiff in Cause No. 86987–A, styled E. A. Roberson et al v. Allstate Insurance Company, and pending in the 14th Judicial District Court of Dallas County, Texas. I know of my own knowledge that on September 6, 1952, my husband was issued a policy of automobile insurance, being No. W 564305–9–6 from Allstate Insurance Company, and that at that time my husband paid $53.50 as part of the annual premium due on said policy. Thereafter, in or about December, 1952 or January, 1953, I made another premium payment to Allstate Insurance Company in an amount somewhere between Forty Dollars (40.00) and Fifty Dollars (50.00). I cannot recall the exact amount of the premium payment, but I do know that I made it to Allstate Insurance Company, and that it was to cover the insurance premium referred to above."

We quote the pertinent parts of E. A. Roberson's affidavit:

"My name is E. A. Roberson and I am the plaintiff in Cause No. 86987, styled E. A. Roberson et al v. Allstate Insurance Company and pending in the 14th Judicial District Court in Dallas County, Texas. On September 6, 1952, Allstate Insurance Company issued a policy of automobile insurance to me covering my 1952 Kaiser automobile, which policy was numbered W 564305–9–6, and which policy by its terms was to continue in force from September 6, 1952 to September 6, 1953. At no time after the issuance of said insurance policy on September 6, 1952 and prior to August 10, 1953 did I receive any notice of cancellation of said insurance policy from Allstate Insurance Company or from anyone else, either by mail or otherwise; and no notice of cancellation was received at my house at 518 Wickford, Dallas, Texas, nor was any such notice received by my wife or anyone else residing with me at said address. The first time I heard anything about cancellation of said insurance policy was after the date of my automobile accident in the above automobile on August 9, 1953.

"During the above period from September 6, 1952 to August 10, 1953, there was nothing unusual about the mail service to my home at 518 Wickford, Dallas, and as far as I know, I received all mail which was sent to me at that address. During said period of time, I received various communications from Allstate Insurance Company at that address, but at no time did I receive any notice of cancellation of said insurance policy. Said insurance policy is attached to this affidavit, and it is the original policy which was issued to me."

We quote the pertinent parts of the stipulation:

"It is hereby stipulated and agreed that as of August 9, 1954, E. A. Roberson, plaintiff, was indebted to J–C–S Federal Credit Union, plaintiff, in the amount of $953.73, being the principal amount due on the promissory note signed by E. A. Roberson and payable

to J-C-S Federal Credit Union and secured by a chattel mortgage on E. A. Roberson's 1952 Kaiser automobile No. K-2056184, which was covered by the provisions of Policy No. W564305-9-6, issued by Allstate Insurance Company."

Going back to appellants' Points 2 and 3, the question arises: Did the affidavits filed by plaintiffs tender an issue as to whether the insurance premium was actually paid to the defendant company and did such affidavits tender an issue as to whether defendant insurance company actually mailed the notice of cancellation to the plaintiff Roberson? We think they did. Points 2 and 3 are controlled by the rule announced by the Supreme Court in Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854, points 1, 2, 3 and 4. The opinion of the Court of Civil Appeals in this case, 143 S.W.2d 648, sets out with great care the factual situation. It would serve no useful purpose here to restate it and a careful reading thereof will disclose that the testimony as to the mailing of the envelope containing the check was most convincing, and at the same time the testimony of the Insurance Company as to its method of handling the mail it received from the postoffice was equally convincing. In this situation this court held that the evidence was sufficient to raise a fact issue for the trier of the facts and the Supreme Court sustained this contention and affirmed the judgment of this court and the trial court. The opinion of our Supreme Court in the Greenwade case is most comprehensive and the reasons for the rule and the application thereof are stated with great care and clarity by Justice Taylor. Our Supreme Court has not seen fit to change the rule there announced.

Going back to the affidavit of Mrs. Roberson, it specifically states that she made a payment to the insurance company in a sum between $40.00 and $50.00, which payment, if made, was made subsequent to the initial payment, and before the date of cancellation according to her affidavit. Appellee states in its cancellation notice that only $46.00 of the premium was past due at the time of the cancellation. Since the cancellation notice stated specifically that the policy was being cancelled because the premium had not been paid, it is obvious that a fact issue was tendered as to the additional payment made and whether or not it was sufficient to continue the policy in force at the time the insurance company attempted cancellation. But the appellee says in effect that the affidavit as to payment made by Mrs. Roberson is insufficient to tender an issue. We overrule this contention. There was no exception leveled at the insufficiency of the affidavit filed by appellants, and absent such special exception it is controlled by the rule announced by our Supreme Court in Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, points 1 and 2, 141 A.L.R. 50. See also Wilson v. Teague Independent School Dist., Tex.Civ. App., 251 S.W.2d 263 (writ ref.); Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, and Rick v. Grubbs, 147 Tex. 267, 214 S.W. 2d 925.

■ Going back to the pronouncement in the Gulbenkian case, supra [151 Tex. 412, 252 S.W.2d 931], the rule is that "the burden of proving that there is no genuine issue of any material fact is upon the movant, and 'All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment.'" In addition thereto, there is another general rule here applicable, and that is: "* * * if a motion involves the credibility of affiants or deponents, or the weight of the showings or, it is said, a mere ground of inference, the motion will not be granted." Measured by the foregoing rules and the authorities here cited, we are of the view that the affidavit of E. A. Roberson tendered a material fact issue as to whether or not the insurance company actually mailed the notice of cancellation to him. This statement is made on the basis of the Greenwade case, supra. It follows that we are of the view that the plaintiffs were entitled to go to trial on the foregoing issues and that the court erred in granting summary judgment.

Accordingly, this cause is reversed and remanded.