**Myron Arthur HARDY, Appellant,**

v.

**Gene JOHNSON, Individually and d/b/a
Gene Johnson Insurance Agency
et al., Appellees.**

**No. 16961.**

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 1, 1968.

E. L. Atkins, II, Arlington, for appellant.

Garrett, Garrett & Callaway, and William Callaway, Fort Worth, for appellees.

## OPINION

LANGDON, Justice.

Summary judgment.

This suit was initiated by the plaintiff, Myron Arthur Hardy, appellant herein, seeking to recover under a policy of insurance, issued to him by appellees, for damages sustained to his automobile (covered by such policy), as result of an alleged accident which occurred on or about October 6, 1966.

The defendants, appellees herein, obtained a summary judgment against the appellant on the theory that the policy in question had been cancelled in compliance

with the terms thereof by mailing to the appellant at the proper address (contained in the policy) on September 8, 1966, a notice that it elected to cancel the policy, effective September 20, 1966.

By a single point of error appellant insists that, "The Trial Court erred in sustaining Defendants' Motion for Summary Judgment."

■ The point is too general and does not comply with the provisions of Rule 418, Texas Rules of Civil Procedure, however, the statement and argument of appellant present two contentions, i. e., that by virtue of the evidence submitted by him a fact issue was raised and second that the evidence upon which appellees relied in support of its motion for summary judgment did not entitle appellees to judgment. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943).

We affirm.

The following facts are undisputed: On February 22, 1966, Myron Arthur Hardy, 916 McCulley, Fort Worth, Texas, secured automobile insurance from Hartford Fire Insurance Company, Hartford Accident and Indemnity Company, through Gene Johnson Insurance, Bedford, Texas. This insurance policy provided for a total policy premium in the amount of $215.00, payable as follows:

(a) A down payment of $43.00;

(b) Premium deferred in the amount of $172.00;

(c) Interest at $3.84.

The deferred premium was to be paid in eight equal monthly installments of $21.98. The premium installments for the months of July 22, 1966, and August 22, 1966, were not paid.

Terms of the premium note provided: "On default in the payment of any installment payment specified in the foregoing schedule of installments, the unpaid balance of the indebtedness evidenced hereby shall become immediately due and payable without notice or demand. Upon such default, it is understood and agreed that the undersigned hereby delegates to the Payee or its assignee full power and authority to cancel the policy or policies in accordance with the cancellation provisions contained therein."

The cancellation provision of the insurance policy provides:

"24. Cancelation: * * * This policy *may be canceled* by the company *by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice* as aforesaid *shall be sufficient proof of notice.* The time of the surrender or *the effective date and hour of cancelation* stated in the notice *shall become the end of the policy period.* Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing." (Emphasis ours.)

The address of Myron A. Hardy listed in the policy was 916 McCulley, Fort Worth, Texas. There is no testimony or other evidence in the record to indicate that this address was incorrect or that any change in such address was ever requested. No notice of change of such address appears in the record.

■ The first question to be resolved by this court is whether or not a denial of receipt of the notice of cancellation creates an issue of fact where as here the policy specifically provides that the mailing of such notice "shall be sufficient proof of notice." We are of the opinion that under the authorities and the record in this case the question must be answered "NO."

It was essential that appellees, in order to prevail on their motion for summary judgment, establish by evidence presented in support thereof that a notice of cancellation was mailed in conformance with the requirements of the policy. We believe they did. The affidavit of appellees' em-

ployee, Jeff Jones, and other evidence in the record reflect the following: On September 8, 1966, Hartford mailed to Mr. Myron A. Hardy at 916 McCulley, Fort Worth, Texas, notice that it would cancel the policy on September 20, 1966. This notice was mailed to the address specified by Mr. Hardy in the insurance policy. Copies of the notice of cancellation and receipt from the U. S. Post Office reflecting that notice was placed in the mail on September 8, 1966, are part of the record before this court. Under the evidence the policy was cancelled and was never reinstated.

■ This proof would support appellees' motion for summary judgment unless the evidence offered by the appellant raised a fact issue. By his counter-affidavit appellant denied receipt of the notice of cancellation. He did not deny that notice was mailed to the address listed in the policy, that the address was correctly stated in the policy; that he did not reside at such address; that he customarily received mail at such address or that at the times material thereto he did not reside or receive his mail at such address. He did swear to his conclusion that notice had not been mailed. His conclusion in the absence of facts in support thereof would not constitute evidence. In our opinion the appellant's counter-affidavit did not raise a fact issue.

We next consider the question of whether the appellees on the basis of the evidence submitted by them as distinguished from that contained in the record as a whole are entitled to summary judgment.

In our consideration of this question we are confronted with the provision of Rule 168, T.R.C.P., to the effect that the answers, subject to any objection as to admissibility, which are elicited under the rule may be used only against the party answering the interrogatories.

The question regarding the application of Rule 168, supra, arises because Exhibit "D", attached to the affidavit of appellees' employee, Jeff Jones, was an imperfect copy (photostat) of written proof from the U. S. Post Office that notice of cancellation was mailed September 8, 1966, to the insured showing date of cancellation, effective as of September 20, 1966. A portion of Exhibit "D" relating to the cancellation was partially covered or obscured by another paper in the process of photostating it. Although obscured we think the notice was clear and particularly so when the missing portion is supplied by examination of a very clear copy of the identical exhibit which was attached by defendants (appellees) to and in response to interrogatories propounded to them by the plaintiff. The interrogatory in question read: " * * * please attach a copy of written proof that notice of cancellation was given to the Insured showing on what date such cancellation was given to the Insured."

The interrogatories propounded by the plaintiff, the first and second requests for admissions submitted by defendants and the answers to each were all filed with the District Clerk of Tarrant County and each together with the answers were included in appellant's designation for transcript, directed to the District Clerk, and are a part of the record before this court.

■ If the trial court in entering the judgment it did, was limited to the cancellation notice as reflected by Exhibit "D" because of the prohibition contained in Rule 168, then the only evidence supporting appellees' motion for summary judgment is the sworn statement of Mr. Jones that he did mail the notice. We do not believe that the provision of Rule 168, pertinent to this discussion, would prohibit consideration by the court, of the legible, unobscured version of the document in question. In seeking the benefits of Rule 168, supra, the party making the demand on another to produce a document, writing, or other evidence is not required to introduce same into evidence. Stated another way he is under no duty or obligation to use the information divulged or supplied by the answering party. The purpose of the rule

is to make such evidence available to the moving party if he should decide to use it and it is otherwise admissible. Further the rule does not grant the party from whom the demand was made the right to introduce the items received into evidence, unless he would have had the right to do so in the absence of a demand having been made upon him under Rule 168, supra, to furnish such data.

In the instant case the interrogatories and the answers, including attached documents, were before the trial court and before this court because of the initiation of appellant who presumably desired that same be considered by the court. The document involved is one the appellees had the right to introduce into evidence, irrespective of whether the plaintiff, appellant herein, had or had not obtained such exhibit as an attachment to the interrogatories propounded by him to the appellees. We believe that a very strained construction of Rule 168 would result from a holding that under the particular facts of this case the court would be prohibited from filling in missing words on an exhibit which was clearly admissible by referring to or comparing same with an identical exhibit furnished by the same party because the latter exhibit was produced in proceedings under Rule 168.

■ The only positive fact established by the appellant was nonreceipt of the notice in question. Proof of nonreceipt of notice of cancellation is not a defense to cancellation of the insurance policy.

■ By the express terms of this insurance policy it is cancelled by the placing of the cancellation notice in the U. S. Mail. Willis v. Allstate Insurance Company, Tex. Civ.App., 392 S.W.2d 799 (Dallas Civ.App., 1965, ref., n. r. e.); Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662 (Waco Civ.App., 1947, no writ hist.); Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000 (Fort Worth Civ.App., 1947, no writ hist.); Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257 (El Paso Civ.App., 1949, no writ hist.).

■ Assuming that the witness in question is an interested witness, a fact may be established as a matter of law by his testimony under circumstances where it is clear, direct and positive and free from contradiction, inaccuracies and circumstances tending to cast suspicion upon it. Moss v. Hipp, 387 S.W.2d 656 (Tex.Sup., 1965).

In the instant case the affidavit of the employee was proven by independent and uncontroverted evidence in the form of a receipt of the U. S. Post Office of the mailing of such notice. No lack of authenticity of this receipt has been established. It is evident that all evidence available to the parties was presented to the court and that in a trial on the merits an instructed verdict would have been proper. Appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.

MASSEY, C. J., dissents.

MASSEY, Chief Justice (dissenting).

Believing that the appellee insurance company failed to indisputably establish the mailing of the prescribed notice of cancellation, and/or that it was the prescribed notice of cancellation that was mailed, I would reverse and remand.

The receipt from the post office showed only that a mail item was received by it on September 8, 1966. That such was the prescribed notice of cancellation was not proved according to my view of the evidence (proper of consideration for purposes of a summary judgment).

I do agree that the appellant's counter affidavit did not raise a fact issue if the appellee company's evidence did *prima facie* establish its right to summary judgment— absent any counter showing by appellant.

The only affidavit attached to appellee's motion was that of one Jeff Jones, an employee presenting himself as having some

knowledge. Therein he states, " * * * said policy of insurance was duly cancelled on September 20, 1966, and the same has never been reinstated. Exhibit D is a true and correct copy of the notice of cancellation mailed by Defendant insurance company to Plaintiff on the 8th day of September, 1966. Notice of cancellation (exhibit D) of the insurance policy in question was deposited in the mail addressed to the insured on September 8, 1966, * * *." An Exhibit D was attached to the affidavit. It was a photostat. Essential portions of some character of writing of Exhibit D was obscured by reason of the fact that another small written instrument covered the same. The small written instrument read: "Notice of Default. To reinstate pay TWO (2) installments on or before cancellation date unless this is the final payment. If this is a Second Default, unpaid balance must be paid." Such was the condition of Exhibit D before the trial court.

Certainly it must be conceded that in the form in which Exhibit D appears as a part of Mr. Jones' affidavit it could not constitute evidence of any notice of cancellation of any insurance policy. No doubt a notice of cancellation of the policy in question would have been possible to be shown, but it was not shown by Exhibit D. Without there having been any such showing the statements we have quoted from Mr. Jones' affidavit would constitute no more than his own conclusion that the notice of cancellation provided by the policy had been mailed. Over objection such would not constitute admissible testimony if tendered upon a trial on the merits. If admitted without objection it would not entitle appellee to an instructed verdict. Therefore it would not constitute sufficient evidence upon which a summary judgment should be founded.

Furthermore I am of the opinion that his credibility would have been cast in issue even if Mr. Jones' affidavit had been sufficient and where such is the case summary judgment is improper. Great American R. Ins. Co. v. San Antonio Pl. Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup.1965). Jones was an employee of the party in whose behalf his testimony was given; where the liability of his employer, if established, would be due in part or whole to his own neglect of duty or negligence in relation to the mailing of cancellation. 98 C.J.S. 492 "Witnesses" § 551, "(Relations with Party, etc.)—Business, Professional, or Financial Relations"; State Division, Lone Star Ins. Union v. Blassengame, Tex. Civ.App., 162 S.W. 6 (Fort Worth Civ. App., 1913, no writ hist.). Undoubtedly it is proper to allow an employee of an insurance company, charged with the duty to mail notice of cancellation to a policyholder, to testify that he had performed such duty. A fact finder presented such testimony could accept such evidence as positive proof. But I believe that it would be a dangerous practice in summary judgment proceedings to found a judgment upon his affidavit that he had performed the duty when evidence to the contrary, if any, would be completely unavailable to the respondent party and impossible for him to attack in any manner other than by cross-examination.

The same rule would apply though it be proved that some article was posted in the mail on a material date, if the identity of the article would be known only to such witness. The circumstances themselves would supply the possibility of contradiction no matter how clear, direct and positive the testimony.

We find in the record that a notice of cancellation which, if mailed to the appellant on September 8, 1966, would have effected a cancellation of the policy on September 20, 1966. However, it was found as an exhibit attached to answers returned by appellee to interrogatories of the appellant served under the provisions of T.R. C.P. 168, "Interrogatories to Parties", in compliance with the request as follows: " * * * please attach a copy of written proof that notice of cancellation was given to the Insured showing on what date such

**938**

cancellation was given to the Insured." I do not believe that the answers to the interrogatories nor the exhibit attached thereto could be used by the appellee, the respondent party with reference thereto, as evidence upon the subsequent summary judgment proceedings.

In Rule 168 it is provided that such answers may be used only *against* the party answering the interrogatories. Certainly the respondent party would not be entitled to use as evidence supporting its own motion for summary judgment, either the factual statements or exhibits disclosed as part of its own response thereunder.

I would reverse and remand.