**Mattie Morine SUDDUTH, Appellant,**

**v.**

**COMMONWEALTH COUNTY MUTUAL IN-SURANCE COMPANY, Appellee.**

**No. 7991.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 10, 1969.

Rehearing Denied Dec. 22, 1969.

Burnett & Childs and Bob Hoblit, Odessa, for appellant.

Crenshaw, Dupree & Milam and Joe H. Nagy, Lubbock, for appellee.

NORTHCUTT, Justice.

Mattie Morine Sudduth, as plaintiff, brought this suit against Commonwealth County Mutual Insurance Company, as defendant, to recover damages sustained to a 1967 Ford automobile. The defendant answered contending the policy of insurance covering the Ford automobile had been cancelled prior to the time the Ford was damaged. The plaintiff sought to recover damages under an insurance policy issued by defendant and being policy FCM 40948. The defendant filed its motion for summary judgment alleging that the policy in question had been cancelled prior to the time the Ford was damaged. Plaintiff shows that the Ford was damaged on May 7, 1968. The trial court granted summary judgment in favor of the defendant that the plaintiff recover nothing and from that judgment, the plaintiff perfected this appeal.

In support of its motion for summary judgment, the defendant filed the affidavit of Linda Burpo, which affidavit sets out that Linda Burpo mailed to the plaintiff a notice of cancellation on April 11, 1968. Attached to said affidavit was a copy of the cancellation notice, which notice sets out that said policy was cancelled effective

April 22, 1968. Also attached to said affidavit was P.O.D. Form 3877–A–July, 1958, which form sets out that notice of cancellation addressed to Mattie Morine Sudduth, Route 1, Plains, Texas was deposited in the United States mail at Dallas, Texas on April 11, 1968.

The plaintiff, in her counter affidavit, does not state that a notice of cancellation was not mailed but states that she did not receive any notice of cancellation of said policy, and in fact knew nothing about cancellation of said insurance policy until about two weeks after May 7, 1968. Policy No. FCM 40948, the policy here in question, issued to Mattie Morine Sudduth contained the following:

> "This policy may be cancelled by the Company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender of the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

The copy of the letter attached to the affidavit showed to be dated April 11, 1968 and gives notice of cancellation effective 12:01 A.M. standard time 4–22–68. This record clearly shows the notice of cancellation was given as here stated and was effective before the Ford automobile was damaged. Plaintiff makes no proof that the notice was not mailed but only contends she did not receive the notice.

We are familiar with the rule that in passing upon a motion for summary judgment all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the opposite party is entitled to the benefit of every reasonable inference which can be properly drawn in his favor. See Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

This record here clearly shows the notice of cancellation was placed in the United States mail at Dallas, Texas on April 11, 1968, and it was not incumbent on the defendant to prove the notice of cancellation was actually received by the plaintiff but all defendant had to show was that the notice had been mailed. Medford Insurance Co., Ltd. v. Weimer, Tex.Civ. App., 385 S.W.2d 589.

The policy here involved provided the mailing of notice should be sufficient proof of notice. It is stated in Willis v. Allstate Insurance Co., Tex.Civ.App., 392 S.W.2d 799 (n.r.e.) as follows:

> "The rule is well established in various jurisdictions including this state that when a policy of insurance provides that the insurer may cancel within not less than ten days by mailing a written notice of cancellation to the insured named in the policy at the address shown in the policy the cancellation becomes effective pursuant to such mailed notice, and if the policy so provides the mailing of notice as aforesaid shall be sufficient proof of notice. Insurance Co. of Texas v. Parmelee, Tex.Civ.App., 274 S.W.2d 944; Texas Casualty Ins. Co. v. McDonald, Tex.Civ.App., 269 S.W.2d 456; Duff v. Secured Fire & Marine Ins. Co., Tex. Civ.App., 227 S.W.2d 257; Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662; Gulf Ins. Co. v. Riddle, Tex.Civ. App., 199 S.W.2d 1000; California Western States Life Ins. Co., v. Williams, Tex.Civ.App., 120 S.W.2d 844."

See Hardy v. Johnson, Tex.Civ.App., 434 S.W.2d 932 (n.w.h.) as follows:

> "The first question to be resolved by this court is whether or not a denial of receipt of the notice of cancellation creates an issue of fact where as here the policy specifically provides that the mailing of such notice 'shall be sufficient proof of notice.' We are of the opinion that under the authorities and the record

in this case the question must be answered 'NO.'

It was essential that appellees, in order to prevail on their motion for summary judgment, establish by evidence presented in support thereof that a notice of cancellation was mailed in conformance with the requirements of the policy. We believe they did. The affidavit of appellees' employee, Jeff Jones, and other evidence in the record reflect the following: On September 8, 1966, Hartford mailed to Mr. Myron A. Hardy at 916 McCulley, Fort Worth, Texas, notice that it would cancel the policy on September 20, 1966. This notice was mailed to the address specified by Mr. Hardy in the insurance policy. Copies of the notice of cancellation and receipt from the U. S. Post Office reflecting that notice was placed in the mail on September 8, 1966, are part of the record before this court. Under the evidence the policy was cancelled and was never reinstated."

We are of the opinion, and so hold, that it is undisputed that the defendant had cancelled the policy in question prior to the time of the accident where the Ford was damaged, and that there was no genuine issue as to any material fact to be determined. The judgment of the trial court is affirmed.