**Mattie Morine SUDDUTH, Petitioner,**

v.

**COMMONWEALTH COUNTY MUTUAL IN-SURANCE COMPANY, Respondent.**

**No. B–1949.**

Supreme Court of Texas.

May 6, 1970.

Rehearing Denied June 17, 1970.

Burnett & Childs, Bob Hoblit and Wm. Ruff Ahders, Odessa, for petitioner.

Crenshaw, Dupree & Milam, Joe H. Nagy and Cecil Kuhne, Lubbock, for respondent.

WALKER, Justice.

Mattie Morine Sudduth, plaintiff, brought this suit against Commonwealth County Mutual Insurance Company, defendant, to recover on an insurance policy for collision damage to an automobile. The vehicle was damaged in an accident on May 7, 1968, and defendant contends that the policy was cancelled on April 22, 1968. Defendant's motion for summary judgment was granted by the trial court, and the Court of Civil Appeals affirmed. 448 S. W.2d 262. We reverse the judgments of the courts below and remand the cause to the district court.

The insurance policy provides as follows:

"16. Cancelation * * *. This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice * * * the effective date and hour of cancelation stated in the notice shall become the end of the policy period. * * *"

Whenever the question has arisen, our Courts of Civil Appeals have followed the majority rule that a policy containing these provisions may be cancelled by the proper mailing of notice in accordance with the terms of the policy even though the notice is never received by the addressee. See United States Fire Ins. Co. v. Fletcher, Tex.Civ.App., 423 S.W.2d 89 (wr. ref. n.r. e.), and authorities there cited. Their conclusion in this respect is sound, because the provisions of the policy are plain and must be enforced as written. See Annotation, 64 A.L.R.2d 982, 1000.

In support of its motion for summary judgment, defendant filed the affidavit of Linda Burpo, an employee of Floyd West & Company in Dallas, stating that she mailed a notice of cancellation to plaintiff at the address shown in the policy on April 11, 1968. Attached to and made a part of the affidavit is a copy of the notice, which states that the cancellation shall become effective on April 22, 1968. There is no contention that the form of the notice is not in compliance with the policy, and the only question is whether it was mailed on April 11 as defendant claims. Also attached to the affidavit is a Post Office Department form showing that an item of insured mail addressed to plaintiffs at the address shown in the policy was deposited in the United States mail at Dallas on April 11, 1968.

Plaintiff filed an affidavit stating that at no time prior to May 7, 1968, did she receive notice of cancellation of the policy. She also stated that she knew nothing about cancellation of the insurance until about two weeks after that date, when she was informed that the policy had been cancelled and the premiums she had previously paid were tendered to her. The affidavit further states that she had never previously failed to receive any mail sent to her at the address shown in the policy. Plaintiff did not attempt to say, and of course could not state from her personal knowledge, that the notice of cancellation was not mailed.

 We thus have a case in which the controlling issue is whether notice of cancellation was mailed on April 11 and the record contains affirmative proof of mailing on that date. Defendant insists that in these circumstances, proof that the notice was not received is insufficient in law to raise an issue of fact. We do not agree. In discussing this general problem, Professor Wigmore states:

"Whether the letter was *mailed*, becomes often the issue under the substantive law; for example, in charging an indorser of a negotiable instrument with a notice of the notarial protest, or in charging an insured with notice of a premium due; here the actual receipt of the letter becomes immaterial; the mailing suffices. But suppose that the addressee testifies in *denial* of the *receipt*? If this denial be believed, then is not the non-arrival of the letter some evidence that it was never mailed? The presumption above rests upon the supposed uniform efficiency of the postal service in delivering letters duly stamped, addressed, and mailed into its custody; if therefore the efficiency is operating, does not the non-arrival of an alleged letter indicate that such a letter was never given into the postal custody? Add to this, that the testimony to mailing comes usually from the mouth of persons who are vitally self-interested in proving the fact of mailing, *e.g.*, a bank cashier who as notary mails notice of protest of the bank's negotiable instruments, or the agent of an insurer seeking to avoid a liability under the policy?

"If therefore the addressee's testimony (also an interested witness) be believed, the non-arrival of such a letter is some evidence that no such letter was mailed; in short, it becomes essentially a question which testimony the jury will believe; therefore the case may go to the jury on that issue. This is the correct view, accepted by many courts; some of them, however, limit such a ruling to cases where the testimony to mailing comes from an interested witness; some of them ask for something circumstantial in addition to the addressee's mere denial." 9 Wigmore on Evidence, 3rd ed. 1940, § 2519.

The rule that a testimonial denial of the receipt of a letter constitutes some evidence that the letter was not mailed has been recognized in Texas, at least where the relevant testimony comes from interested witnesses on both sides. Border State Life Ins. Co. v. Noble, Tex.Civ.App., 138 S.W.2d 119 (wr. dis. judg. cor.). In our

case the motion for summary judgment is supported not only by the affidavit of Linda Burpo but also by the postal receipt. Some courts have held that in these circumstances, proof of nonarrival is not sufficient to raise an issue of fact. Hardy v. Johnson, Tex.Civ.App., 434 S.W.2d 932 (no writ); Cherokee Ins. Co. v. Hardin, 202 Tenn. 110, 302 S.W.2d 817. There are, however, decisions to the contrary. Roberson v. Allstate Ins. Co., Tex.Civ.App., 278 S.W.2d 179 (wr. ref. n.r.e.); Allied American Mutual Fire Ins. Co. v. Paige, D.C. Mun.App., 143 A.2d 508. See also Jensen v. Traders & General Ins. Co., 141 Cal. App.2d 162, 296 P.2d 434, where the dates on the postal receipts were indistinct.

For the reasons pointed out by Professor Wigmore, it is our opinion that proof of nonarrival ordinarily constitutes some evidence that a letter was not mailed. Defendant points out that while a presumption of nonmailing arises from evidence of nonarrival, the presumption disappears when affirmative proof of mailing is introduced. This statement is entirely correct but is subject to misconstruction unless the words used are given their proper meaning. A true presumption is simply a rule of law requiring the jury to reach a particular conclusion in the absence of evidence to the contrary. The presumption does disappear, therefore, when evidence to the contrary is introduced, but the facts upon which the presumption is based remain in evidence and will support any inferences that may properly be drawn therefrom. See Wigmore, *supra*, § 2491. Since the motion for summary judgment is supported by proof of mailing, plaintiff's affidavit does not give rise to a presumption that the notice of cancellation was not mailed. If she did not receive the notice, however, this fact will ordinarily support an inference that the notice was not mailed. See Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854.

Although the postal receipt tends to corroborate the affidavit of Linda Burpo, it does not constitute independent proof that notice of cancellation was mailed on April 11. It contains no information concerning the contents of the several items it indicates were mailed on that date, and there is nothing in the record to show whether plaintiff received an empty envelope or one containing some communication other than the cancellation notice. The receipt is not signed, moreover, and there is no proof of the circumstances under which it was made out or the extent to which it was checked against the items actually received by the postal authorities. One column of the receipt designated "Number of Item", contains a list of what appear to be numbers of insurance policies. Since a postal employee receiving items for mailing would not normally have information of that nature, this suggests that the receipt may have been prepared by an employee of Floyd West & Company.

Plaintiff's affidavit does not state that she never received the cancellation notice, and defendant evidently did not attempt to develop the facts in this respect. A letter mailed in Dallas should have been received by plaintiff within two or three days. Her sworn statement that she did not receive the cancellation notice prior to May 7 indicates that there is probably a material issue of fact as to whether the notice was mailed at least ten days before April 22, the date on which the cancellation was to be effective. See Border State Life Ins. Co. v. Noble, Tex.Civ.App., 138 S.W.2d 119 (wr. dis. judg. cor.). In our opinion defendant has not established conclusively that the policy was cancelled prior to the accident, and the trial court erred in granting the motion for summary judgment. The opinion in Hardy v. Johnson, Tex. Civ.App., 434 S.W.2d 932 (no writ), is disapproved to the extent that it is inconsistent with the views here expressed.

The judgments of the courts below are reversed, and the cause is remanded to the district court.