**HAR–CON CORP., Appellant,**

v.

**AETNA CASUALTY & SURETY CO., Appellee.**

No. 01–88–00010–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 31, 1988.

Tom Shipp, Shipp & Mastrangelo, Houston, for appellant.

Patricia J. Kerrigan, Fulbright & Jaworski, Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

LEVY, Justice.

Har–Con appeals from a summary judgment entered against it on its action to collect insurance benefits. Har–Con complains that: (1) the court erred in entering judgment because the summary judgment proof failed to establish as a matter of law that there was no genuine issue of material fact as to at least one essential element of Har–Con's cause of action; (2) the court relied on insufficient and incompetent summary judgment proof in reaching its decision; and (3) the court erred in refusing to grant Har–Con's request for oral hearing on the summary judgment.

The following facts are uncontroverted: (1) effective July 1, 1971, Aetna insured Har–Con against losses due to forgeries pursuant to a "Comprehensive Dishonesty, Disappearance and Destruction Policy"; (2) in April, 1985, Barney Richards, then the controller of Har–Con, began forging checks on Har–Con's account at a Houston bank; (3) Har–Con discovered the losses due to the forged checks in December, 1986; (4) the policy provided that Aetna would be liable for only those losses discovered within 12 months of the effective cancellation date; (5) the policy provided for cancellation on the following terms:

> This Policy or any Insuring Agreement may be cancelled by the Company by mailing to the Insured at the address shown in this Policy written notice stating when not less than fifteen days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice;

(6) the address shown for Har–Con in the policy is 1525 Malone, Houston, Texas

77007; (7) Aetna mailed an item to Har-Con, by U.S. Postal Service certified mail, return receipt requested, at 1525 Malone, Houston, Texas 77007; (8) the return receipt card (the green card) for this item shows: the addressee as Har–Con Engineering, Inc., 1525 Malone, Houston, Texas 77007; a signature of "R. Page" in the space for addressee's signature; and a postal stamp date of July 10, 1985.

Aetna supports its motion for summary judgment with affidavits and documentary proof. First, Aetna relies on the affidavit of Janice Hatcher, who testified that she was an employee of Aetna and that she handled the Har–Con file as an associate underwriter. She identified and authenticated the policy attached to her affidavit as a true and correct copy of the Har–Con policy. She testified that the policy was cancelled by Aetna effective July 29, 1985, and that she personally mailed the notice of cancellation to Har–Con at 1525 Malone, Houston, Texas, at least 15 days before the effective cancellation date, by registered mail. She further identified and authenticated the attached green card signed by R. Page as being the original return receipt she received after mailing the cancellation.

Next, Aetna relies upon the affidavit of Theodore Tracy. He testified that he is now an insurance agent for Har–Con, and has handled Har–Con's insurance matters since 1970. He stated that his office had verbal and written contact with "appropriate personnel at Har–Con, Inc., including Barney Richards, who generally handled Har–Con's insurance matters, concerning the cancellation and replacement coverage" from July of 1985 through November 14, 1985.

Har–Con responded to Aetna's motion, and filed a controverting affidavit of Harry Conley. Conley stated that he is an officer of Har–Con, that he was authorized by Har–Con to make the affidavit, and that he had personal knowledge of the facts contained therein. Conley testified in the affidavit that "Har–Con Corporation never received notice of cancellation."

■ Where the parties have contracted as to the terms of cancellation of an insur-ance policy, and have expressly agreed that mailing of notice shall suffice for proof of notice of cancellation, the cancellation is effective upon the mailing of notice, even if the addressee never actually receives the notice. *Sudduth v. Commonwealth County Mutual Ins. Co.*, 454 S.W.2d 196 (Tex. 1970). Faced with an identical contractual provision, the Texas Supreme Court stated that Texas courts

> have followed the majority rule that a policy containing these provisions may be cancelled by the proper mailing of notice in accordance with the terms of the policy even though the notice is never received by the addressee.

*Id.* at 196 (citations omitted). The court reasoned that this conclusion is sound because the provisions of the policy were clear and explicit and must be enforced as written. *Id.*

In *Sudduth,* the insurance company moved for summary judgment on the ground that cancellation had been mailed according to the terms of the policy, and supported its motion with an affidavit of an employee that the cancellation notice had been mailed to the address shown in the policy on April 11. Attached to the affidavit were a copy of the notice stating the effective cancellation date, and a U.S. Post Office form showing that an item of insured mail addressed to the insured at the address shown in the policy was deposited in the U.S. Mail on April 11, 1968.

The individual insured in *Sudduth* responded to the insurance company's motion by filing an affidavit stating that she did not receive any notice of cancellation prior to May 7, 1968, and that she had never previously failed to receive any mail sent to her at the address shown in the policy. The court noted that she "did not attempt to say, and of course, could not state from her personal knowledge, that the notice of cancellation was not mailed." *Id.* at 197.

In reversing the summary judgment in favor of the insurance company, the *Sudduth* court held that the individual's denial of receipt of notice of cancellation was some evidence supporting the inference that the notice was never mailed, and that

this evidence raised an issue of fact sufficient to preclude summary judgment. In so holding, the court first stated the rule that a testimonial denial of receipt constitutes some evidence of no mailing, at least where the relevant testimony is from interested witnesses on both sides, and then proceeded to consider the effect of the corroborating receipt on the summary judgment proof. The court stated that

Although the postal receipt tends to corroborate the affidavit of ... (the insurance company employee), it does not constitute independent proof that notice of cancellation was mailed on April 11. It contains no information concerning the contents of the several items it indicates were mailed on that date, and there is nothing in the record to show whether plaintiff received an empty envelope or one containing some communication other than the cancellation notice.

*Id.* at 198.

Here, as in *Sudduth*, the only issue is whether the cancellation notice was mailed, not whether it was actually received. Also, as in *Sudduth*, the proof tending to show mailing consists of an affidavit of an insurance company employee, and a postal form corroborating the mailing of some item to the insured at the address shown on the policy. Also similar is that the only summary judgment proof controverting the fact of mailing is the insured's testimonial denial of receipt.

Aetna argues that *Sudduth* is distinguishable because: (1) here the postal form is a return receipt showing actual delivery and receipt of the item, whereas the postal form in *Sudduth* was a postal insurance form showing only the mailing of the item; and (2) Har–Con is a corporation, whereas the insured in *Sudduth* was an individual.

█ We first observe that the court's consideration of the postal form turned not on the fact that it showed only mailing, and therefore failed to conclusively rebut the insured's denial of actual receipt, but rather on the fact that it corroborated only the mailing of *some item*, and not the mailing of the specific notice of cancellation there at issue. Here, as in *Sudduth*, the only issue is the mailing of the notice, not whether it was actually received. The return receipt in this case proves only that *some item* was received at the address shown on the policy, and does not prove the mailing of the notice. Just as in *Sudduth*, it

contains no information concerning the contents ..., and there is nothing in the record to show whether plaintiff received an empty envelope or one containing some communication other than the cancellation notice.

*Id.*

The only remaining question is whether the fact that Har–Con is a corporation sufficiently distinguishes this case from *Sudduth* to allow affirmance of the summary judgment.

Aetna argues that the statement by Conley that "Har–Con never received notice of cancellation" fails to amount to a testimonial denial of receipt under *Sudduth* because it is a conclusion and not an assertion of fact. Aetna urges that, unlike the insured in *Sudduth*, Har–Con is a corporation and capable of receiving mail in many different ways through different employees. Aetna contends that Conley's denial should have set forth the facts upon which he bases his conclusion that Har–Con never received the notice in order to constitute a competent testimonial denial within the meaning of *Sudduth*.

Summary judgment affidavits must set forth facts that would be admissible in evidence.[1] Mere conclusions of an affiant lack probative value. *Straughan v. Houston Citizens Bank & Trust Co.,* 580 S.W.2d 29, 32 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702 (Tex. 1972).

---

1. Tex.R.Civ.P. 166a(e) provides, in pertinent part:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

 We refuse to hold that a testimonial denial of receipt by an authorized officer and corporate representative, such as Conley, based on his personal knowledge, constitutes a mere conclusion lacking probative value. If the fact of receipt or non-receipt is actually based on his personal knowledge, he may properly give testimony about that fact. Here, Conley's affidavit affirmatively states that it is based on personal knowledge, and there is nothing in the record that indicates that Conley did not, or could not, have personal knowledge that the notice was not received by Har-Con. Just as in *Sudduth*, this testimonial denial raises an inference that the notice was not mailed, and precludes summary judgment. It is an issue of fact that the jury must decide.

Aetna has thus not established *conclusively* that the policy was cancelled more than 12 months prior to the discovery of the forged checks. Har-Con's first point of error is sustained.

The summary judgment is reversed, and the cause is remanded to the trial court.

DUGGAN, Justice, dissenting.

I disagree with the majority's conclusion that Harry Conley's affidavit created a genuine issue of material fact preventing summary judgment, and I therefore respectfully dissent.

In my opinion, the bare conclusion stated in Conley's affidavit that Har-Con never received notice of cancellation is without probative value. Here, unlike *Sudduth*, the party is a corporation and not an individual, and the affiant is merely an officer of the corporation. Thus, it has not been shown that such a statement was within the personal knowledge of the affiant. I would therefore hold that the denial of receipt in Conley's affidavit is a mere conclusion lacking probative value. *Straughan v. Houston Citizens Bank & Trust Co.*, 580 S.W.2d 29, 32 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Moreover, the only issue in this case is whether Aetna established conclusively that the notice of cancellation had been mailed, not whether it had been received.

Here, there was evidence in the record showing that notice was mailed. Even assuming that Conley's affidavit constitutes some evidence of lack of receipt, it does not support an inference that the notice was not mailed. While such an inference may perhaps have been reasonable in *Sudduth*, Conley's denial of receipt does not, on the facts of this case, warrant the inference that the notice *was not mailed*.