In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-598 CV


____________________



LUCINDA COLEMAN, individually and as 


representative of THE ESTATE OF F.S. COLEMAN, decedent, Appellant



V.



WELLS FARGO BANK, ET AL, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. D-167,078






MEMORANDUM OPINION


 Lucinda Coleman, individually and as representative of the Estate of F.S. Coleman,
decedent, filed suit against Wells Fargo Bank Minnesota, N.A. alleging wrongful foreclosure. 
Wells Fargo moved for summary judgment on the basis Coleman had no evidence to support
her claim. See Tex. R. Civ. P. 166a(i). The trial court granted the motion and entered a final
summary judgment in favor of Wells Fargo. From that judgment Coleman brings this appeal.

 Coleman contends the trial court erred in granting summary judgment in favor of
Wells Fargo because a genuine issue of material fact exists as to whether notice of default
was sent by certified mail. See Tex. Prop. Code Ann. § 51.002(d) (Vernon Supp. 2004). 
Wells Fargo claims Coleman failed to timely file any summary judgment evidence rebutting
Wells Fargo's evidence.

 The record reflects Coleman's response to the motion for summary judgment was filed
September 16, 2003. A hearing on the motion was held September 19. On September 29,
the trial judge requested briefing from both parties. Wells Fargo responded on October 30.
On November 18, 2003, the trial judge informed the parties he had reviewed Wells Fargo's
supplemental briefing and granted Coleman seven additional days "to file any briefing or
controverting authority" before ruling on the matter on November 24. Coleman responded
on November 24 and the trial court entered its judgment that day. The trial court's judgment
recites, "after examining . . . the response filed by The Coleman Estate, if any, and the
summary judgment evidence admitted for consideration . . .." 

 The record affirmatively indicates the trial court considered the untimely summary
judgment response and the trial court expressly gave Coleman leave to file the supplement. 
Accordingly, we consider Coleman's attached summary judgment evidence. See Goswami
v. Metropolitan Sav. and Loan Ass'n, 751 S.W.2d 487, 490 (Tex. 1988), and Mello v. A.M.F.,
Inc., 7 S.W.3d 329, 332 (Tex. App.--Beaumont 1999, pet. denied). 

 Coleman filed two affidavits in which she avers that she did not receive notice of
acceleration of the note secured by her residence, notice of foreclosure or of foreclosure sale,
or the notice of default and intent to accelerate dated September 20, 2002. The affidavit of
Jeannine S. Coggeshall, Assistant Vice President of HomeEq Servicing Corporation, Servicer
for Wells Fargo, declares notice of default and intent to accelerate was sent to the Colemans
at their last known mailing address, mailed by first class certified mail, return receipt
requested. That letter was dated September 20, 2002, and there is no certified mail receipt
for it in the record. Coggeshall further stated notices of acceleration and sale were sent. That
letter was dated December 16, 2002, and the record contains a copy of a certified mail
receipt, dated December 17, 2002, marked "unclaimed" and "return to sender." Steve
Gerths, Senior Vice President of HomeEq, also filed an affidavit swearing the Colemans
were served with written notice by certified mail of the default and intent to accelerate. 

 The Supreme Court of Texas has held that proof of nonarrival constitutes some
evidence that a letter was not mailed. See Sudduth v. Commonwealth County Mut. Ins. Co.,
454 S.W.2d 196, 197-98 (Tex. 1970). Although the affidavits of Coggeshall and Gerths may
dispel any presumption of nonmailing that arises from the evidence of nonarrival, "the facts
upon which the presumption is based remain in evidence and will support any inferences that
may properly be drawn therefrom." Id. at 198. Accordingly, we find Coleman raised a
genuine issue of material fact as to whether notice of default was sent. Issue one is sustained.

 The judgment of the trial court is REVERSED AND REMANDED.

 PER CURIAM 


Submitted on October 25, 2004

Opinion Delivered December 2, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.