TEXAS CAS. INS. CO.

v.

McDONALD.

No. 12704.

Court of Civil Appeals of Texas.

San Antonio.

May 26, 1954.

Rehearing Denied June 23, 1954.

William G. Washington, Austin, O. Shelley Evans, San Antonio, for appellant.

Floyd Duke James, San Antonio, for appellee.

POPE, Justice.

Appellant, Texas Casualty Insurance Company, complains that the court erred in failing to instruct a verdict in its favor, since all of the evidence showed that it had cancelled an automobile insurance policy owned by Eunice McDonald prior to the time his vehicle was damaged in a collision, and for which he claimed coverage.

The cancelation provision in the policy, insofar as it related to the insurer's right of cancelation, provided: "This policy may be canceled by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period."

Two of appellant's employees testified concerning the company's procedure with reference to handling the McDonald cancelation. They stated that the notice of cancelation was prepared and placed in a

window envelope so that the name and address appearing on the notice would also show through the window. The address used was that which appeared on the face of the policy. The envelope bore a correct return address. The window envelope containing the notice of cancelation was stapled to a Post Office Form No. 3817, called a "penny receipt." The company office manager personally delivered these items to the post office, where a postal clerk compared the name and address on both the envelope and the receipt. Finding them to be identical, the postal clerk stamped and returned the receipt to the company office manager. The receipt acknowledged delivery to the post office, of one piece of ordinary mail, addressed to Eunice McDonald at 2234 East Commerce, San Antonio, Texas. That is the address which appears on the policy.

The post office receipt was stamped by the postal clerk and bore date of October 27, 1952. The notice of cancelation fixed the date of cancelation at 12:01 A.M. on November 6, 1952, which was in compliance with the policy provision and was more than five days after mailing. Copies of these documents and the original Form 3817, were in evidence to corroborate the testimony.

Appellee, McDonald, and his wife, both testified they did not receive the letter, but the above facts are otherwise unquestioned, unimpeached and unequivocal. Appellee contends that "mailing" means "receiving." We do not sustain that position. The term means that the letter "was properly prepared for transmission in the due course of mail, and that it was placed in the custody of the officer charged with the duty of forwarding the mail." Southern Engine & Boiler Works v. Vaughan, 98 Ark. 388, 135 S.W. 913, 915; 72 C.J.S., Post Office, § 1. Brewer v. Maryland Casualty Co., Tex.Civ.App., 245 S.W.2d 532, is not in point, since in that case the cancelation date was, by the letter of cancelation, fixed from the date of receipt rather than from date of mailing.

The trial court should have instructed a verdict for the appellant. Duff v. Secured Fire & Marine Ins. Co., Tex.Civ. App., 227 S.W.2d 257. Accordingly, the judgment is reversed and rendered in favor of appellant.