The INSURANCE COMPANY OF TEXAS, Appellant,

v.

John J. PARMELEE, Appellee.

No. 10280.

Court of Civil Appeals of Texas.

Austin.

Jan. 19, 1955.

J. Alex Blakeley, Wayne A. Melton, Dallas, for appellant.

E. B. Fuller, Austin, E. A. Camp, Rockdale, for appellee.

ARCHER, Chief Justice.

Appellee recovered judgment against one John Ricketson, for damages resulting from an automobile collision, then brought suit against appellant Insurance Company on an automobile liability policy previously issued to Ricketson. Appellant defended on the ground that Ricketson's policy had been cancelled prior to the collision. Judgment for plaintiff, appellee, was rendered by the Honorable District Court of Milam County and this appeal followed.

Appellant issued its policy AU 137345 to John Ricketson on October 15, 1952, providing coverage for a period of one year. On April 2, 1953, appellant mailed to John Ricketson at Rockdale, Texas, his address stated in said policy, notice that said policy was cancelled, effective on April 13, 1953. On May 25, 1953, Ricketson was involved in an automobile collision with appellee. After recovering judgment against Ricketson, appellee brought his suit against appellant. The trial court concluded that, as a matter of law, such policy was in force and effect on May 26, 1953 and that appellant was obligated to discharge the judgment against Ricketson.

This suit concerns the sufficiency of the notice mailed by appellant to Ricketson and the failure to pay the return premium; to cancel Ricketson's policy prior to the collision with appellee.

The appeal is before this Court on one point of error, as follows:

"The error of the trial court in holding that the insurance policy in question was in force and effect on May 26, 1953, the date of the collision giving

rise to the claim against the policyholder, Ricketson."

The suit is based upon an insurance contract in writing, its terms are in the form prescribed by the Texas Board of Insurance Commissioners.

The provision of paragraph 22 of the policy's Conditions, relating to cancellation of the contract by the insurer are as follows:

"22. Cancelation * * * This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall become effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancelation stated in the notice shall become the end of the policy period. * * *

" * * * Premium adjustment may be made at the time cancelation is effected and, if not then made, shall be made as soon as practicable after cancelation becomes effective. The company's check or the check of its representatives mailed or delivered as aforesaid shall be sufficient tender of any refund of premium due to the named insured."

The appellant had the right under the terms of the policy to cancel it by mailing notice of its intention to do so to the insured at his address shown in the policy, and returning the premium as provided therein.

The appellant takes the position that the notice of cancellation was effective to cancel the policy and that the return of the unearned premium was a subsequent adjustment.

The appellee, while admitting that the notice of cancellation was given as provided in the policy, but that the failure of appellant to return the premium direct to Ricketson was an essential element in the cancellation of the policy by the insurance company to avail itself of the right reserved in the policy to cancel, and that the notice of cancellation, standing alone, could not suffice to release the company from its obligation.

The notice of cancellation is as follows:

"The Insurance Company of Texas
"Dallas, Texas

Notice of Cancellation
Insured's Copy
"To John Ricketson
"Rockdale, Texas

"You are hereby notified that Policy No. AU-137345, having as its inception date October 15, 1952, issued to you by the W. E. Gaither Company, is hereby cancelled effective on the 13th day of April, 1953, at 12:01 A.M., standard time at the address stated above.

"This notice of cancellation is given to you in accordance with the conditions of the policy, and all liability of the Company under said policy shall absolutely cease as of aforesaid effective date of cancellation without further notice.

"If the premium has been paid, the excess of paid premium over the earned premium, provided it is not tendered to you herewith, shall be tendered to you as soon as possible. If the premium has not been paid, a statement for the earned premium will be sent you in due course.

"Countersigned and dated at Dallas, Texas, this 1st day of April, 1953.
"s/ Louis Bushong
"Louis Bushong,
"Authorized Representative"

The notice was addressed to John Ricketson, Rockdale, Texas, and mailed April 2, 1953, and was returned to the company on April 21, 1953, with a printed stamp reading "Returned to writer, reason unclaimed."

In April, 1953, the company credited W. E. Gaither Agency, Rockdale, Texas with the return premium of $17.85 on policy No.

137345, with which this case is concerned, along with a number of other credits.

John Yelverton, a witness in behalf of the plaintiff, appellee herein, testified that he was the Office Manager of W. E. Gaither Company Agency. He testified that when a policy is cancelled by an insurance company that he figured the refund; that he wrote the policy involved in this litigation for John Ricketson, and recalled the accident out of which this suit grew, which was reported to him by Ricketson; that the appellant notified him that the policy had been cancelled; that he did not cancel the policy.

The witness further testified that returned premiums were deducted and refunded by the Gaither Company to the other insured direct, but that no refund was paid to Ricketson because he had no reason to pay him any.

The witness testified that he received a letter from the appellant in December, 1952, asking him to cancel the Ricketson policy and that he replied on the back of the letter giving reasons why the policy should not be cancelled. Another letter was written in February, 1953, concerning the cancellation of the policy which the witness would not state that he did or did not receive.

The witness wrote Ricketson another policy after the accident on another car and Ricketson was not entitled to any refund, and never had been, and never has asked for a refund.

John Ricketson testified that he lived about seven miles from Rockdale, Texas, and received letters there; that he did not receive the letter of cancellation and has not received a refund.

On cross-examination the witness testified that he took out the policy in July, 1952 and signed a note, and that he asked Gaither about the refund, which would not be much, and that he had not asked appellant for a refund.

■ We believe that the written notice of cancellation addressed and mailed as it was had the effect of cancelling the policy and that the date and hour of cancellation stated in the policy became the end of the policy period, and the policy period ended on April 13, 1953.

The collision, out of which the litigation grew, was on May 26, 1953, forty-three days after the cancellation effective date.

The Insurance Company having the right to cancel the policy according to the terms of the policy and having exercised this right by its notice of cancellation mailed to the insured at the address stated in the policy, the policy period ended on April 13, 1953.

Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662; Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000; California-Western States Life Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844, error dism.; Duff v. Secured Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257; Texas Cas. Ins. Co. v. McDonald, Tex.Civ.App., 1954, 269 S.W.2d 456.

■ We do not believe that it is a condition precedent for the Insurance Company to have tendered to Ricketson the unearned premium at the time the notice of cancellation was mailed.

The policy provided for premium adjustment as soon as practicable after cancellation becomes effective.

We have hereinabove referred to the evidence surrounding the unearned premium refund and will not further discuss this feature, since we believe that the cancellation became effective at the date provided in the cancellation notice.

Leslie v. Standard Accident Ins. Co., 1944, 327 Ill.App. 343, 64 N.E.2d 391; Gibbons v. Kelly, 1951, 156 Ohio St. 163, 101 N.E.2d 497; Wallace v. State Farm Mutual Automobile Ins. Co., 1949, 187 Tenn. 692, 216 S.W.2d 697; Austin Fire Ins. Co. v. Polemanakos, Tex.Com.App., Sec. B., 207 S.W. 922.

The judgment of the trial court is reversed and rendered in favor of appellant.

Reversed and rendered.