Beatrice Gipson WILLIS et al., Appellants,

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

No. 16571.

Court of Civil Appeals of Texas.

Dallas.

June 18, 1965.

Rehearing Denied July 16, 1965.

E. D. Forbes, Mayer, Mayer & Levin, Dallas, for appellants.

White, McElroy & White and Adair Dyer, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Appellants Beatrice Gipson Willis and W. L. Davis have appealed from a judgment declaring that an automobile insurance policy issued by appellee Allstate Insurance Company has been duly cancelled.

The record before us does not include the pleadings of any of the parties. A stipulation entered into by the parties recites some though not all of the material facts. A copy of the trial court's judgment is included in the transcript and it contains recitations as to some of the other facts and the pleadings. And in their briefs the parties are in agreement as to still other matters. By a careful reading of the above named documents we believe enough information has been developed in regard to the pleadings and the undisputed facts to enable us to pass on this appeal.

On June 29, 1962 Robert Lee Willis executed an application for automobile liability insurance. On June 30, 1962 appellee issued its policy pursuant to said application. The annual premium was $59.00, of which Willis paid $25.10, and he was allowed six months from June 29, 1962 in which to pay the balance. This meant that Willis had until December 29, 1962 to complete payment of the first annual premium.

The insured named in Item 2 of the declarations of the policy is Robert Lee Willis, whose address is shown in the policy to be 3911 Works Avenue, Dallas 15, Texas. The insurance coverage also included appellant Beatrice Gipson Willis, wife of the insured.

The policy contains the following provisions:

"11. Beneficiary
   Part 3: Coverage C2

Consent of beneficiary is not requisite to cancelation, assignment, change of beneficiary, or any other change in this policy."

\* \* \* \* \* \*

"18. Assignment

Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the insured named in Item 2 of the declarations, or his spouse if a resident of the same household, shall die, this policy shall cover (1) the survivor as named insured, (2) his legal representative as named insured but only while acting within the scope of his duties as such, (3) any person having proper temporary custody of an owned automobile, as an insured, until the appointment and qualification of such legal representative, and (4) under division 1 of Part 2 any person who was a relative at the time of such death."

\* \* \* \* \* \*

"19. Cancelation

\* \* \* This policy may be canceled by the company by mailing to the insured named in Item 2 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The effective date and hour of cancelation stated in the notice shall become the end of the policy period."

On October 28, 1962 Robert Lee Willis died. Appellant Beatrice Gipson Willis, his surviving widow, says that in looking through her husband's papers she found a copy of his application for insurance. But she never notified appellee Allstate Insurance Company that her husband had died, and she never requested that the insurance policy in question be changed to

her name. No further payments on the premium were paid after the initial payment of $25.10 on June 29, 1962 by Robert Lee Willis or anyone else.

On December 20, 1962 appellee mailed its notice of cancellation addressed to Robert Lee Willis at 3911 Works Avenue, Dallas 15, Texas, the cancellation to become effective January 2, 1963 because of failure to pay premium. There is nothing in the record to indicate that appellee was aware that Robert Lee Willis had died.

On January 9, 1963 appellant Beatrice Gipson Willis was involved in an automobile accident. As a result of this accident a suit was filed against her by W. L. Davis individually and as next friend of Henry Loy Davis.

Thereafter appellee Allstate Insurance Company filed this suit against appellant Beatrice Gipson Willis, and W. L. Davis, individually and as next friend of Henry Loy Davis. As we have said, the transcript before us does not include copies of the pleadings of the parties, but the court's judgment indicates the nature of appellee's suit.

On November 18, 1964 judgment was rendered in favor of Allstate Insurance Company in the suit it had filed against Beatrice Gipson Willis and W. L. Davis. We quote from the court's judgment:

"And it appearing to the Court that the facts and the law are with the Plaintiff, Allstate Insurance Company, and that said Plaintiff should have judgment as prayed for in its Second Amended Original Petition on file herein,

"IT IS accordingly ORDERED, ADJUDGED AND DECREED that the said policy of insurance in question issued to Robert Lee Willis pursuant to his application therefor dated June 29, 1962, issued on June 30, 1962, and being numbered 16 057 337 06–30,

had been duly cancelled by the mailing of a notice of cancellation in accordance with the terms of said policy, said cancellation being effective January 2, 1963, and therefore of no force and effect thereafter, and therefore not being in effect on the date of the automobile accident (namely January 9, 1963) which is the subject of a suit in controversy, bearing number 78, 274–G/B in this same 44th District Court, by and between the said Defendant W. L. Davis, individually and as next friend of Henry Loy Davis (as plaintiffs in the suit brought by them) and the Defendant, Beatrice Gipson Willis (defendant in the suit brought by Davis)."

Appellants Willis and Davis in their brief present seven alleged points of error. However, the one question raised by appellants' points is this: Under the undisputed facts as presented by the record herein, was the insurer entitled to cancel and did it effectively cancel the policy as of January 2, 1963 by mailing the notice of cancellation on December 20, 1962 to the insured named in Item 2 of the declarations of the policy, namely, Robert Lee Willis, at the address shown in the policy, 3911 Works Avenue, Dallas 15, Texas?

We are of the opinion that the trial court was correct in holding that the policy had been cancelled.

■ The rule is well established in various jurisdictions including this state that when a policy of insurance provides that the insurer may cancel within not less than ten days by mailing a written notice of cancellation to the insured named in the policy at the address shown in the policy the cancellation becomes effective pursuant to such mailed notice, and if the policy so provides the mailing of notice as aforesaid shall be sufficient proof of notice. Insurance Co. of Texas v. Parmelee, Tex.Civ.App., 274 S.W.2d 944; Texas Casualty Ins. Co. v. McDonald, Tex.Civ. App., 269 S.W.2d 456; Duff v. Secured

**802**

Fire & Marine Ins. Co., Tex.Civ.App., 227 S.W.2d 257; Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662; Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000; California Western States Life Ins. Co. v. Williams, Tex.Civ.App., 120 S.W.2d 844.

It is true, as appellants argue, that the insurer is held to a strict compliance with the terms of the policy contract. United States Liability Co. v. Baggett, Tex.Civ.App., 285 S.W.2d 804, 807. It has been held that even when the insurer has actual notice of a change of address by the insured named in the declarations, it is bound at its own peril to mail a notice of cancellation to the insured at the address stated in the policy until it receives a request from the insured that notice be sent to another address. State Farm Mutual Automobile Ins. Co. v. Chaney, 10 Cir., 272 F.2d 20; Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310. However, if the insurer does strictly comply with the terms of the policy the cancellation becomes effective though the insured may never receive the letter of cancellation. Medford Ins. Co. Ltd. v. Weimer, Tex.Civ.App., 385 S.W.2d 589; Insurance Co. of Texas v. Parmelee, Tex.Civ.App., 274 S.W.2d 944; Texas Casualty Ins. Co. v. McDonald, Tex.Civ.App., 269 S.W.2d 456.

In this case there was a strict compliance by the insurer with the terms of the policy in regard to the right to cancel. There is nothing in the policy which expressly requires appellant Willis to give notice to the insurer of her husband's death and her desire to have her name substituted for his in Item 2 of the declarations. However, we believe that in the absence of such notice or knowledge the insurer was justified in mailing the notice of cancellation to the insured named in Item 2 at the given address as provided by the terms of the policy, thereby effecting

cancellation of the policy. Appellants' points on appeal are overruled.

The judgment of the trial court is affirmed.

Affirmed.