Frankie RHYMES, Appellant,

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK, Appellee.**

No. 8354.

Court of Civil Appeals of Texas, Texarkana.

Dec. 30, 1975.

Rehearing Denied Feb. 24, 1976.

Wilson F. Walters, Denison, for appellant.

Henderson, Bryant & Wolfe, Sherman, for appellee.

RAY, Justice.

This suit involves the uninsured motorist provision of an automobile accident policy. Appellant (plaintiff), Frankie Rhymes, brought suit against appellee (defendant), Fidelity & Casualty Company of New York, seeking recovery of her damages under the uninsured motorist provision of her mother's automobile insurance policy. Appellant was a passenger in an automobile that was struck by an uninsured vehicle. The only defense presented by appellee was that the policy had been cancelled prior to the date of the accident.

The jury found that a cancellation notice had been mailed to Mary Rhymes, mother of Frankie Rhymes, prior to the accident. The trial court accordingly entered its judgment in favor of appellee.

Appellant submits only one point of error for our consideration which is as follows:

"The trial court erred in granting a judgment upon the affirmative answer to Special Issue No. 1 which was the only issue answered by the jury."

That issue and its answer are as follows:

"SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that Fidelity & Casualty Company of New York mailed to Mary Rhymes a cancellation notice bearing date of 11/14/72?

Answer 'We do' or 'We do not.'

ANSWER: We do."

The automobile collision occurred on January 13, 1973.

Appellant contends that the jury or trier of fact must not only find that notice was properly mailed, but that it was also received and that the policy could not be cancelled until the insured received the notice.

Appellee states there is a distinction between cancellation under "giving" notice provisions as contrasted with "mailing" notice provisions, and that the policy here involved requires only that appellee insurer prove that it mailed its notice of cancellation. The pertinent portion of the cancellation provision is as follows:

"This policy may be canceled by the company by mailing to the insured named in Item 1 of the declarations at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice."

An identical provision was contained in the policy in question in *Sudduth v. Commonwealth County Mutual Insurance Company,* 454 S.W.2d 196 (Tex.1970). There the court stated "Whenever the question has arisen, our Courts of Civil Appeals have followed the majority rule that a policy containing these provisions may be cancelled by the proper mailing of notice in accordance with the terms of the policy even though the notice is never received by the addressee. See *United States Fire Ins.*

*Co. v. Fletcher,* Tex.Civ.App., 423 S.W.2d 89 (wr. ref. n. r. e.), and authorities there cited. Their conclusion in this respect is sound, because the provisions of the policy are plain and must be enforced as written. See Annotation, 64 A.L.R.2d 982, 1000."

The trier of fact, in this case the jury, had before it proof of the mailing of the cancellation notice. Testimony that the letter was not received by the insured is only evidence that the notice may never have in fact been mailed. The jury in the present case had the duty of weighing the evidence supporting the mailing of the notice against the evidence of the non-arrival of the notice in deciding the issue presented to it of whether appellant Fidelity & Casualty Company of New York mailed its cancellation notice to its insured, Mary Rhymes. The jury found in favor of the insurance company.

The instant case is controlled by *Sudduth v. Commonwealth County Mutual Insurance Company,* supra. The judgment of the trial court is affirmed.