Affirmed in Part, Reversed and
Remanded in Part, and
Memorandum Opinion filed April 5, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00661-CV

____________

 

YIGAL BOSCH, Appellant

 

V.

 

DALLAS GENERAL
LIFE INSURANCE CO., PROVIDENT AMERICAN LIFE AND HEALTH, AND CERES GROUP, INC., Appellees

 



 

On Appeal from the 113th
District Court

Harris County, Texas

Trial Court Cause No. 03-21015

 



 

M E M O R A N D U M   O P I N I O N

Yigal Bosch appeals from summary judgments
favoring Dallas General Life Insurance Co., Provident American Life and Health,
and Ceres Group, Inc., in Bosch’s lawsuit against them.  Bosch sued the appellees, alleging breach of
contract and intentional, negligent, and grossly negligent infliction of mental
distress related to health insurance policies he obtained or attempted to
obtain from them.  The trial court
granted summary judgment against all of Bosch’s claims.  We affirm in part and reverse and remand in
part.








I. 
Background

Provident issued a health insurance
certificate to Bosch, effective March 1, 2000.[1]  The certificate included provisions regarding
notice of termination of the policy by Provident, as follows:

The covered member’s coverage under
the policy will end at 12:01 A.M. standard time in the covered member’s state
of residence on the earliest of:

. . .

the premium due date following the
date which we terminate all Certificates under this policy in the covered
member’s state of residence on the covered member’s effective date of
coverage.  We will give the covered
member 90 days notice prior to the date of termination and will offer the
covered member coverage under any other policy which we are currently marketing
in the covered member’s state; or

the premium due date following the
date which we terminate all Certificates in the covered member’s state of
residence on the covered member’s effective date of coverage.  We will give the covered member 180 days notice
prior to the date of termination . . . .

We can only
terminate the policy upon 90 days prior written notice if we offer the policy
holder coverage, on a guaranteed basis, under any other policy which we are
currently marketing or upon 180 days prior written notice if we terminate all
of our policies in the state of delivery.








Provident subsequently decided to
discontinue this particular policy nationwide, effective September 30,
2001.  Attached to its motion for summary
judgment, Provident provided a corporate officer’s affidavit in which she
stated that notice of cancellation was mailed to Bosch on June 22, 2001, and
again on August 15, 2001.  In his
affidavit, Bosch stated that he learned of the cancellation for the first time
when he went to his doctor complaining of pain in his legs on October 17,
2001.  According to Bosch, his doctor’s
office told him that Provident had denied the insurance claim; when he called
Provident, he was informed of the cancellation. 
Bosch then attempted to obtain insurance from Central Reserve Life, a
company wholly owned by Ceres, but the contract was never consummated.  Bosch then obtained an insurance policy from
Dallas General.

On January 20, 2002, Bosch went to the
hospital complaining of difficulty breathing and pain in his upper body.  Bosch’s doctor determined that he had
blockages in several blood vessels, and angioplasty was performed on Bosch on
January 23, 2002.  Subsequently,
Provident and Dallas General refused to pay for Bosch’s medical expenses.  Provident contended that by the time of
Bosch’s surgery, its contract with him had been cancelled.  Dallas General claimed that Bosch had failed
to fulfill conditions precedent to their obligation to pay when he made
misrepresentations regarding his health in the application for insurance.

Bosch sued Provident, Dallas General, and
Ceres.  Against Provident and Dallas
General, he alleged breach of contract as well as claims for intentional,
negligent, and grossly negligent infliction of emotional distress.  Against Ceres, he alleged intentional
infliction of emotional distress.  All
three defendants moved for summary judgment on both no-evidence and traditional
grounds.  The trial court granted summary
judgment in favor of the defendants on all of Bosch’s causes of action without
specifying the grounds on which the judgments were based.  In considering the trial court’s grant of
summary judgment, we utilize the normal standards of review.  See Tex.
R. Civ. P. 166a(c), (i); King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 750-51 (Tex. 2003) (no-evidence standard); Nixon v. Mr. Property Mgmt.
Co., 690 S.W.2d 546, 548‑49 (Tex.1985) (traditional standard).

III. 
Provident and Ceres

Bosch contends that the trial court erred
in granting summary judgment against his breach of contract claim against
Provident and his intentional infliction of emotional distress claims against
Provident and Ceres.  Bosch does not
challenge the trial court’s ruling regarding his claims for negligent and
grossly negligent infliction of emotional distress.

 








A. 
Breach of Contract

In his first cause of action, Bosch
alleged that Provident breached the insurance contract by failing to give
proper notice of cancellation and refusing to pay his medical expenses.  To recover under a breach of contract cause
of action, a plaintiff must show: (1) the existence of a valid contract, (2)
performance or tendered performance by the plaintiff, (3) breach of the
contract by the defendant, and (4) damages sustained as a result of the breach.  Renteria v. Trevino, 79 S.W.3d 240,
242 (Tex.App.‑Houston [14th Dist.] 2002, no pet.).  In its motion for summary judgment, Provident
attacked the breach of contract claim on three general grounds, contending it
conclusively demonstrated that (1) it properly cancelled the policy prior to
Bosch’s incurring any medical expenses, (2) its alleged breach was not the
proximate cause of Bosch’s damages, and (3) Bosch failed to mitigate his
damages.  Provident further alleged that
certain of Bosch’s damages claims were not compensable or were not supported by
any evidence.  We discuss each assertion
in turn.

1. 
Notice








In its first ground for summary judgment,
Provident contended that because it conclusively demonstrated that it provided
proper notice of cancellation, Bosch cannot recover for claims based on
improper notice or the failure to pay medical expenses incurred after
cancellation.  In making this argument in
the trial court and on appeal, Provident relied on cases holding that mailing a
notice of termination is sufficient to constitute proper notice regardless of
whether the insured actually received the notice.  See Suddeth v. Commonwealth County Mut.
Ins. Co., 454 S.W.2d 196, 196-97 (Tex. 1970); U.S. Fire Ins. Co. v.
Fletcher, 423 S.W.2d 89, 91 (Tex. App.—Houston [14th Dist.] 1967, writ
ref’d n.r.e.); Willis v. Allstate Ins. Co., 392 S.W.2d 799, 802 (Tex.
App.—Dallas 1965, writ ref’d n.r.e.). 
Provident’s reliance on these cases is misplaced.  Each of these cases dealt with an insurance
policy that contained the following provision: “The mailing of notice as
aforesaid shall be sufficient proof of notice.” 
See Suddeth, 454 S.W.2d at 196; Fletcher, 423 S.W.2d at
91; Willis, 392 S.W.2d at 800.  As
the Supreme Court stated in Sudduth, the controlling issue under this
provision was whether the notice had been mailed, not whether it had been
received.  See Suddeth, 454 S.W.2d
at 197.[2]  Here, the certificate of insurance does not
contain any such provision.  Instead, the
two provisions mentioning notice of termination state that Provident “will give
the covered member . . . notice,” and that Provident “can only terminate the
policy upon . . . prior written notice.” 
Thus, the issue here is not whether the notice was mailed, as the
question was put in Sudduth, Fletcher, and Willis, but
whether the notice was received.  See
Crisp v. Sec. Nat’l Ins. Co., 369 S.W.2d 326, 330-31 (Tex. 1963) (holding
that when an insurance policy provides that it can be cancelled upon written
notice, the cancellation is not effective unless the notice is received); Jones
v. Ray Ins. Agency, 59 S.W.3d 739, 746 (Tex. App.—Corpus Christi 2001)
(same), pet. denied, 92 S.W.3d 530 (Tex. 2002).

Among its summary judgment proof,
Provident provided an affidavit from a corporate officer stating that she had
reviewed corporate records and had determined that notice was mailed to Bosch
on June 22, 2001, and again on August 15, 2001. 
Attached to her affidavit are copies of letters dated June 22 and August
15 and excerpts from two spreadsheets bearing Bosch’s name.  However, even if this evidence conclusively
proved that Provident mailed the notice letters, Provident failed to
conclusively prove that Bosch received the written notice.  The affidavit does not claim that Bosch
received the notice, and no other proof of receipt was offered.  Accordingly, it would have been improper for
the court to grant summary judgment on this ground.

2. 
Proximate Cause & Failure to Mitigate








In its motion, Provident additionally
argued that it conclusively proved that (1) it did not proximately cause Bosch’s
damages, and (2) Bosch completely failed to mitigate his damages.[3]  We begin our analysis by noting that “proximate cause” is not the proper
causal standard to be applied in breach of contract cases.  Abraxas Petrol. Corp. v. Hornburg, 20
S.W.3d 741, 758 n.12 (Tex. App.—El Paso 2000, no pet.).  Instead, in order to recover compensatory
damages, a breach-of-contract plaintiff must establish that he or she suffered
some pecuniary loss as a result of the breach of the contract.  Id. at 758; see also McKnight v.
Hill & Hill Exterminators, Inc., 689 S.W.2d 206, 209 (Tex. 1985).  Actual damages may be recovered in a
breach-of-contract action when the loss is the natural, probable, and
foreseeable consequence of the defendant’s conduct.  Abraxas, 20 S.W.3d at 758.[4]  The mitigation-of-damages doctrine requires
an injured party to exercise reasonable care to minimize his or her damages, if
the damages can be avoided with only slight expense and reasonable effort.  Great Am. Ins. Co. v. N. Austin Mun. Util.
Dist. No. 1, 908 S.W.2d 415, 426 (Tex. 1995).  The defendant has the burden of demonstrating
not only the plaintiff’s lack of care but also the amount by which the damages
sustained were increased by the failure to mitigate.  Austin Hill Country Realty, Inc. v. Palisades
Plaza, Inc., 948 S.W.2d 293, 299 (Tex. 1997); Harris County v. Smoker,
934 S.W.2d 714, 721 (Tex. App.—Houston [1st Dist.] 1996, writ denied).








Provident bases its cause and mitigation
arguments on the fact that after Bosch received oral notice that Provident was
cancelling his policy, he failed to obtain replacement insurance under the
Health Insurance Portability and Accountability Act of 1996, or otherwise, that
would have covered his preexisting condition and paid for his medical expenses.[5]  42
U.S.C.A. § 300gg (West 2003) (providing increased insurance portability
through limitations on preexisting condition exclusions).[6]  However, Provident offers no proof and no
analysis as to whether any replacement coverage would have been as beneficial
as the coverage Bosch had under his Provident policy.  If Bosch could not have obtained equivalent
coverage at an equivalent price, he still would have been damaged by
Provident’s alleged breach of contract.[7]  Thus, Provident has failed to conclusively
prove that its action did not result in pecuniary loss for Bosch or that he
could have completely mitigated his damages. 
See Austin Hill Country, 948 S.W.2d at 299 (holding that
defendant has burden to demonstrate amount damages were increased by failure to
mitigate); Smoker, 934 S.W.2d at 721 (same).[8]  Accordingly, it would have been improper for
the trial court to grant summary judgment on these grounds.  Because we hold that none of the grounds
raised by Provident support the grant of summary judgment on Bosch’s
breach-of-contract claims, we sustain Bosch’s first and second issues and
reverse the judgment on those claims.

3. 
Damages Issues








In its motion, Provident additionally listed
traditional and no-evidence grounds against certain of Bosch’s damages
claims.  Specifically, Provident alleged
that (1) it “negated essential elements of” Bosch’s claims for mental anguish
and damage to his credit, (2) Bosch’s claim for lost wages is not recoverable
in an action for breach of an insurance contract, and (3) there is no evidence
that Bosch’s unspecified “expenses” were “proximately caused” by Provident’s
actions.  On appeal, Provident contends
that Bosch’s failure to
attack these grounds in his appellate brief means that judgment should be
affirmed against these damages claims without regard to the merits.  We discuss each of the grounds in turn.

In the first ground, Provident alleged that it
“negated essential elements of” Bosch’s claims for mental anguish and damage to
his credit.  However, at no point does
Provident specify what “elements” it negated or how it negated them in regard
to these damages claims.[9]  Provident’s only attempts to negate any element
of Bosch’s breach-of-contract cause of action are discussed and disposed of
above.  Because we have held above that
Provident’s grounds attacking the breach-of-contract claim did not support the
grant of summary judgment, we likewise hold that the asserted grounds do not
support summary judgment against the claims for mental anguish and damage to
his credit.[10]

In the second ground, Provident asserted that Bosch’s
claim for lost wages is not recoverable in an action for breach of an insurance
contract.  Bosch failed to address this
ground in his response to the motion or on appeal.  Accordingly, he has waived any arguments
regarding this ground.  See Tex. R. App. P. 38.1(h); Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).








In the third ground, Provident asserted that there is
no evidence that Bosch’s unspecified “expenses” were “proximately caused” by
Provident’s actions.  We again note that
“proximate cause” is not the proper causal standard in breach of contract
actions.  Abraxas, 20 S.W.3d at 758 n.12.  However, if Bosch was confused by this
erroneous standard or wished to complain about it, he should have filed special
exceptions in the trial court.  See
McConnell v. Southside I.S.D., 858 S.W.2d 337, 342-43 (Tex. 1993).  Bosch neither filed special exceptions nor
addressed this ground in his response to the motion or on appeal.[11]  Accordingly, he has waived any responsive
arguments.  See Tex. R. App. P. 38.1(h); Star‑Telegram,
915 S.W.2d at 473; Clear Creek Basin, 589 S.W.2d at 678-79.[12]  In summary, the trial court properly awarded
summary judgment against Bosch’s claims for lost wages and unspecified
expenses, but it erred in awarding judgment against Bosch’s claims for mental
anguish and damage to his credit.

B. 
Intentional Infliction of Emotional Distress








In his second cause of action, Bosch alleged
intentional infliction of emotional distress against Provident and Ceres.  To be entitled to judgment on an intentional
infliction claim, a plaintiff must show that (1) the defendant acted
intentionally or recklessly, (2) the conduct was extreme and outrageous, (3)
the actions of the defendant caused the plaintiff emotional distress, and (4)
the emotional distress suffered by the plaintiff was severe.  Twyman v. Twyman, 855 S.W.2d 619, 621
(Tex. 1993) (citing Restatement (Second)
of Torts § 46 (1965)).  As a
preliminary matter, the trial court must determine whether the alleged conduct
may reasonably be regarded as so extreme and outrageous as to permit
recovery.   Brewerton v. Dalrymple,
997 S.W.2d 212, 216 (Tex. 1999) (citing Restatement
(Second) of Torts  § 46 cmt.
h).  It is not enough that the action was
criminal in nature or done intentionally or with malice.  Id. at 215-16.  Liability for outrageous conduct should be
found “only where the conduct has been so outrageous in character, and so
extreme in degree, as to go beyond all possible bounds of decency, and to be
regarded as atrocious, and utterly intolerable in a civilized community.”  Twyman, 855 S.W.2d at 621 (quoting Restatement (Second) of Torts § 46 cmt.
d).

In their motion, Provident and Ceres contended that as
a matter of law the alleged conduct was not sufficiently “extreme and
outrageous” to support liability for intentional infliction of emotional
distress.  In his petition, Bosch claimed
that Provident and Ceres caused him emotional distress by refusing to pay for
his medical expenses and by cancelling his policy without proper notice.[13]  A refusal to pay insurance benefits, even if
done arbitrarily or in bad faith, is not alone extreme and outrageous enough to
support a claim for intentional infliction of emotional distress.  See Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699-700 (Tex. 1994).  The
gravamen of Bosch’s allegation that Provident failed to properly notify him of
cancellation is that his medical expenses then went unpaid.  Accordingly, we find the trial court could
have properly determined that Provident’s and Ceres’s alleged conduct was not
sufficiently extreme and outrageous to support a claim for intentional
infliction of emotional distress.  See
id.








Also in their motion, Provident and Ceres asserted
that Bosch could provide no evidence of the requisite severe emotional
distress.  “Severe emotional distress is
distress that is so severe that no reasonable person could be expected to
endure it.”  GTE Southwest, Inc. v.
Bruce, 998 S.W.2d 605, 618 (Tex. 1999). 
Bosch did not make any statements regarding his alleged emotional
distress in his responsive affidavit, nor did he provide any other summary
judgment proof to support his distress claims. 
Provident provided excerpts from Bosch’s deposition in which he stated
that he was not deprived of any medical treatment due to Dallas General’s
actions and that the experience “was not pleasant, but overall it did not destroy
me.”  This testimony amounts to no
evidence of severe emotional distress sufficient to support a claim for
intentional infliction of emotional distress. 
See id.

Because Bosch failed to present any evidence regarding
severe emotional distress, and, as a matter of law, Provident’s and Cere’s
alleged conduct was not sufficiently extreme and outrageous to support a claim
for intentional infliction of emotional distress, the trial court properly
granted summary judgment against this claim. 
Bosch’s third issue is overruled.

C. 
Negligent Infliction of Emotional Distress

In his petition, Bosch alleged negligent and grossly
negligent infliction of emotional distress against Provident.  In its motion for summary judgment, Provident
asserted that Texas law does not recognize either of these causes of action,
citing Boyles v. Kerr, 855 S.W.2d 593, 597 (Tex. 1993), and Newman v.
Tropical Visions, Inc., 891 S.W.2d 713, 721 (Tex. App.—San Antonio 1994,
writ denied).  On appeal, Bosch raises no
issues concerning these two causes of action. 
Accordingly, we find no error in the trial court’s grant of summary
judgment against these claims.

IV. 
Dallas General

Bosch contends that the trial court erred
in considering Dallas General’s motion for summary judgment and in granting
summary judgment on his breach-of-contract and
intentional-infliction-of-emotional-distress claims against Dallas
General.  Bosch makes no arguments
relating to his claims for negligent and grossly negligent infliction of
emotional distress.

A. 
Consideration of the Motion








Bosch contends that the trial court erred
in considering Dallas General’s motion for summary judgment because the motion
was prematurely filed, discovery was not complete, and the parties had agreed
to mediation.  Bosch, however, does not
cite to any place in the record wherein he preserved these complaints by making
them in the trial court, and our review of the record does not demonstrate that
he in fact preserved them.  Accordingly,
these arguments are waived.  See Tex. R. App. P. 33.1 (a) (stating that
to preserve a complaint for appellate review a party must make a timely and
sufficiently explicit request, objection, or motion in the trial court).[14]

Additionally, even if these arguments had
been preserved, they are without merit. 
Regarding the first assertion, that the motion was prematurely filed,
Bosch contends that when the trial court granted the continuance on May 10,
2004, all dates in the docket control order were moved forward 180 days; thus,
the first allowable date for filing a motion for summary judgment would have
been October 1, 2004.  Bosch misreads the
docket control order.[15]  The order contains dates by which dispositive
motions and pleas must be set for hearing, but it does not specify the earliest
date on which dispositive motions may be filed. 
There is a space provided on the form for the earliest date on which
such motions may be set, but the court left the space blank.  Therefore, even if the continuance moved all
dates in the docket control order forward by 180 days, it had no effect on the
earliest date on which dispositive motions could be filed.  Thus, Bosch’s first contention is without
merit.








Regarding the second assertion, that
discovery was not yet complete, Bosch claims not that he needed more time to
conduct discovery but that Dallas General needed more time to complete
discovery.  Bosch cites no authority, and
we are aware of none, that would permit a nonmovant to defeat a motion for
summary judgment on the basis that the movant did not have sufficient time for
discovery.  Furthermore, even if Bosch
had argued that he did not have sufficient time to complete discovery, he
failed to file either an affidavit explaining the need for further discovery or
a verified motion for continuance, as is required to preserve the complaint for
appeal.  See Tenneco Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996).  Bosch’s second contention is without merit.

In his third contention, Bosch asserts
that because the agreed motion for continuance recites the need to mediate as a
grounds for the continuance, the trial court should not have considered the
motion for summary judgment prior to mediation. 
Although the motion for continuance does mention mediation as a reason
for needing a continuance, the motion neither mentions the motion for summary
judgment, nor does it request that the trial court hold the motion in abeyance
until after mediation is completed.  Nor
is there any indication in the record that the parties agreed that the motion
would be held in abeyance until after mediation.  Bosch did attach letters between counsel to
his appellate brief, but even were we able to consider these attachments, they
would show only that Dallas General’s counsel intended to pursue summary
judgment regardless of mediation and so informed Bosch’s counsel.  Indeed, the letters also indicate that
Bosch’s counsel knew the motion was set for hearing.  Further, Bosch cites no authority, and we are
aware of none, suggesting that a party cannot pursue a motion for summary
judgment after having agreed to mediate absent an agreement to postpone or
forego the hearing on the motion.  Thus,
Bosch’s third contention is also without merit.[16]

Because each of Bosch’s arguments
regarding the trial court’s consideration of the motion for summary judgment
are waived and without merit, we find that the trial court did not err in
considering the motion.  Accordingly,
Bosch’s fourth and fifth issues against Dallas General are overruled.

 








B. 
Breach of Contract

In his first cause of action, Bosch
alleged that Dallas General breached the insurance contract by failing to pay
his medical expenses.  In its motion for
summary judgment, Dallas General’s sole contention regarding the
breach-of-contract claim was that Bosch could provide no evidence to establish
that he had fulfilled all conditions precedent to recovery under the
contract.  A party seeking to recover
under a contract bears the burden of proving that all conditions precedent have
been satisfied.  Associated Indemn.
Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 283 (Tex. 1998).  Dallas General specifically alleged that
Bosch cannot demonstrate that he gave accurate and complete information in his
application and that the provision of accurate and complete information in the
application is a condition precedent under the contract.  Dallas General construes the following
language from the application as creating a condition precedent:

I understand that
the above answers shall be the basis for the insurer to issue a certificate of
insurance.  I declare all statements
contained in this entire form about myself and my dependents to be insured are
true and correct to the best of my knowledge and that no material information
has been withheld or omitted.








It is well-settled in Texas that responses
in an application for insurance that are declared true and correct constitute
representations and not conditions precedent.  Mayes v. Mass. Mut. Life Ins. Co., 608
S.W.2d 612, 614-15 (Tex. 1980); Protective Life Ins. Co. v. Russell, 119
S.W.3d 274, 280-82 (Tex. App.—Tyler 2003, pet. denied); Am. Nat’l Ins. Co.
v. Paul, 927 S.W.2d 239, 242-43 (Tex. App.—Austin 1996, writ denied); see
also Tex. Ins. Code Ann. art.
21.16 (Vernon 1981)[17];
Riner v. Allstate Life Ins. Co., 131 F.3d 530, 536-38 (5th Cir. 1998).[18]  An insurer may still try to avoid liability
for false representations in an application, but it is a matter for an
affirmative defense and not an issue of proof for the insured.  See Tex.
Ins. Code Ann. art. 21.16; Mayes, 608 S.W.2d at 616; Paul,
927 S.W.2d at 242; see also Riner, 131 F.3d at 537-38.[19]  A movant cannot be granted a no-evidence
summary judgment on an issue on which it has the burden of proof.  Tex.
R. Civ. P. 166a(i).  Accordingly,
the trial court erred in granting summary judgment against Bosch’s
breach-of-contract claim.  Bosch’s second
issue against Dallas General is sustained.[20]

C. 
Intentional Infliction of Emotional Distress

In his petition, Bosch also alleged
intentional infliction of emotional distress against Dallas General.  In its motion for summary judgment, Dallas
General asserted that (1) as a matter of law, the alleged conduct was not
sufficiently “extreme and outrageous” to support liability for intentional
infliction of emotional distress, and (2) Bosch could provide no evidence of
the requisite severe emotional distress.








The arguments and evidence regarding the
intentional infliction allegation against Dallas General are substantially
similar to the arguments and evidence discussed above regarding the intentional
infliction claims against Provident and Ceres. 
Bosch claimed that Dallas General caused him emotional distress when it
refused to pay for his medical expenses and cancelled his insurance
policy.  However, as stated, a refusal to
pay insurance benefits, even if done arbitrarily or in bad faith, is not alone
extreme and outrageous enough to support a claim for intentional infliction of
emotional distress.  See Natividad,
875 S.W.2d at 699-700.

Further, in its motion, Dallas General
asserted that Bosch could provide no evidence of the requisite severe emotional
distress.  Bosch failed to provide a
timely response to the motion; thus, Bosch presented no evidence regarding
severe emotional distress.  Dallas
General, however, did provide excerpts from Bosch’s deposition in which he
stated that he was not deprived of any medical treatment due to Dallas
General’s actions and that the experience “was not pleasant, but overall it did
not destroy me.”  This amounts to no
evidence of severe emotional distress sufficient to support a claim for
intentional infliction of emotional distress. 
Because Bosch failed to present any evidence regarding severe emotional
distress, and as a matter of law, Dallas General’s alleged conduct was not
sufficiently extreme and outrageous to support a claim for intentional
infliction of emotional distress, the trial court properly granted summary
judgment against this claim.  Bosch’s
third issue against Dallas General is overruled.

D. 
Negligent Infliction of Emotional Distress

In his petition, Bosch alleged negligent
and grossly negligent infliction of emotional distress.  In its motion for summary judgment, Dallas
General asserted that Texas law does not recognize either of these causes of
action, citing Boyles, 855 S.W.2d at 597, and Newman, 891 S.W.2d
at 721.  On appeal, Bosch raises no
issues concerning these two causes of action. 
Accordingly, we find no error in the trial court’s grant of summary
judgment against these claims.

 

 








V. 
Conclusion

Regarding Bosch’s claims against
Provident, the trial court properly awarded summary judgment against Bosch’s
claims for intentional, negligent, and grossly negligent infliction of emotional
distress and his claims for lost wages and unspecified expenses.  However, the court erred in granting summary
judgment against Bosch’s breach-of-contract cause of action and his claims for
mental anguish and damage to his credit. 
The trial court properly awarded summary judgment against Bosch’s sole
claim against Ceres for intentional infliction of emotional distress.  Regarding Dallas General, the trial court
properly awarded summary judgment against Bosch’s claims for intentional,
negligent, and grossly negligent infliction of emotional distress, but the
court erred in granting summary judgment against Bosch’s breach-of-contract
cause of action.  Accordingly, we reverse
the portion of the summary judgment regarding the breach-of-contract claims
against Provident and Dallas General and remand to the trial court for further
proceedings in accordance with this opinion.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 5, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.











[1]  Provident is
wholly owned by Central Reserve Life (a non-party), which, in turn, is wholly
owned by Ceres (a co-defendant), which is a holding company.





[2]  The Sudduth
court further explained that a testimonial denial of receipt of a letter
constituted some evidence that the letter was not mailed; thus, such denial
created a fact issue as to whether the letter was mailed even in the face of
other evidence that the letter was indeed mailed.  454 S.W.2d at 197-98.  Because these cases are inapplicable to the
present situation, we need not consider whether Bosch’s affidavit denying
receipt was sufficient to raise a fact issue regarding whether the notice was
mailed.





[3]    On appeal,
Provident asserts that Bosch failed to attack these two grounds in his
appellate brief, and, thus, summary judgment should be upheld without regard to
the merits.  However, in his brief, Bosch
details his attempts to procure replacement insurance after learning that his
policy with Provident was being terminated. 
Bosch also attacks the summary judgment entered against his breach-of-contract
claims against Dallas General.  Since
part of Provident’s causation and mitigation arguments asserts that Bosch
fraudulently attempted to obtain replacement insurance from Dallas General (and
thus Bosch caused his own damages when Dallas General voided the policy), we do
not agree that Bosch did not attack the causation and mitigation grounds on
appeal.





[4]  Accordingly,
we interpret Provident’s argument as suggesting that it conclusively proved
that none of Bosch’s alleged damages were the natural, probable, or foreseeable
result of its conduct.





[5]  In other
words, Provident argues that because Bosch failed to get someone else to pay
for expenses that Provident was allegedly responsible for paying, Provident’s
failure to pay did not result in any pecuniary loss to Bosch.  We take no position at this time as to
whether summary judgment could ever be granted on such ground.





[6]  Provident
argues that Bosch caused his own damages (and failed to mitigate) because he
both failed to obtain coverage under HIPAA and fraudulently obtained coverage
from Dallas General (thus causing the coverage to be voided by Dallas General).





[7]  Bosch could
also potentially recover for reasonable and necessary expenses incurred in
mitigating his damages.  See Hycel,
Inc. v. Wittstruck, 690 S.W.2d 914, 924 (Tex. App.—Waco 1985, writ dism’d);
see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 513 n.1 (Tex. 1998); Schwartz v. Pinnacle Communications,
944 S.W.2d 427, 435-36 (Tex. App.—Houston [14th Dist.] 1997, no writ).





[8]  We further
note that mitigation of damages is an affirmative defense that must be pleaded
or it is waived.  See Tex. R. Civ. P. 94; Kinnear v. Tex.
Comm’n on Human Rights ex rel. Hale, 14 S.W.3d 299, 300 (Tex. 2000); Taylor
Foundry Co. v. Wichita Falls Grain Co., 51 S.W.3d 766, 774  (Tex. App.—Fort Worth  2001, no pet.).  Provident did not plead a failure to mitigate
in its answer.





[9]  Although
Provident briefly listed this damages-related ground in its section titled
“Grounds For Motion,” it did not address it in any other section of the motion,
particularly not in the “Undisputed Facts” section or the “Argument and
Authorities” section.





[10]  We also held
above that Bosch did respond to the grounds attacking the breach of contract
claim.  See supra n. 3.





[11]  Bosch
mentioned this ground in his response to the motion but then provided no
argument or evidence regarding the unspecified expenses.





[12]  It should be
noted, however, that because the expenses were unspecified, it may be difficult
to demonstrate exactly what expenses Bosch will be barred from claiming on
remand.





[13]  It is unclear
exactly what Bosch claims Ceres did to injure him other than by owning
Provident, but Bosch did not raise any doctrine for piercing the corporate veil
between Ceres and Provident.





[14]  Bosch’s
response to the motion for summary judgment and motion for new trial appear in
the record, but neither alleges that the court would or did err in considering
the motion.  Bosch also attached to his
appellate brief his motion to dismiss the motion for summary judgment and his
motion to extend time to respond to the motion for summary judgment; however,
neither of these documents appears in the record, and neither document
addressed the issues raised on appeal.  See
Adams v. Reynolds Tile and Flooring, Inc., 120 S.W.3d 417, 423 (Tex. App.—Houston
[14th Dist.] 2003, no pet.) (holding that the attachment of a document to a
brief does not make it part of the appellate record).  





[15]  The docket control order does not
appear in the record but was attached as an exhibit to Bosch’s brief.  See Adams,
120 S.W.3d at 423.





[16]  Bosch
additionally suggests that he did not have sufficient time to have his
affidavit notarized and filed prior to the deadline for filing summary judgment
proof.  He claims that he was in Atlanta,
Georgia, and was not notified of the need to file the affidavit until the day
it was due and then had trouble finding a notary.  However, the record contains no evidence
supporting these assertions.  Furthermore,
the letters attached to his brief indicate that his attorney knew the hearing
on the motion was not going to be passed at least three days prior to the
deadline for filing proof.





[17]  Article 21.16
states that:

 

Any provision in any contract or policy of insurance
issued or contracted for in this State which provides that the answers or
statements made in the application for such contract or in the contract of
insurance, if untrue or false, shall render the contract or policy void or
voidable, shall be of no effect, and shall not constitute any defense to any
suit brought upon such contract, unless it be shown upon the trial thereof that
the matter or thing misrepresented was material to the risk or actually
contributed to the contingency or event on which said policy became due and
payable, and whether it was material and so contributed in any case shall be a
question of fact to be determined by the court or jury trying such case.

 

Tex. Ins.
Code Ann. art. 21.16.  This section
has been repealed, effective April 1, 2005, as part of the recodification of
the Insurance Code.  Act of June 21,
2003, 78th Leg., R.S., Ch. 1274, 2003 Tex. Gen. Laws 3611, 4138.





[18]  Conceivably,
Dallas General could have argued, but did not, that the first sentence of the
excerpt converted the representations into conditions precedent.  However, it has been held in other cases that
substantially similar language did not create conditions precedent.  See, e.g., Riner, 131 F.3d at 536; Mayes,
608 S.W.2d at 613, 615-16; Russell, 119 S.W.3d at 280; Paul, 927
S.W.2d at 243.





[19]  In order to
prevail on an affirmative defense of misrepresentation, an insurer must prove
(1) the making of the representation; (2) the falsity of the representation;
(3) reliance thereon by the insurer; (4) the intent to deceive on the part of
the insured; and (5) the materiality of the representation.  Mayes, 608 S.W.2d at 616.





[20]  Because we
sustain Bosch’s second issue, we need not address his first issue which also
attacked the summary judgment on his breach-of-contract claim.